TERRY EUGENE DORTCH *v.* STATE OF MARYLAND

[No. 98, September Term, 1980.]

\* \* \*

HOWARD JOSEPH COHEN *v.* STATE OF MARYLAND

[No. 99, September Term, 1980.]

*Decided May 1, 1981.*

The cause was argued before MURPHY, C. J., and SMITH, DIGGES, ELDRIDGE, COLE, DAVIDSON and RODOWSKY, JJ.

*Michael R. Braudes, Assistant Public Defender,* with whom was *Alan H. Murrell, Public Defender,* on the brief, for appellants.

*Stephen Rosenbaum, Assistant Attorney General,* with whom were *Stephen H. Sachs, Attorney General,* and *Ray E. Stokes, Assistant Attorney General,* on the brief, for appellee.

MURPHY, C. J., delivered the opinion of the Court.

The sole issue in these consolidated criminal appeals is whether, for an election of a court trial to be "voluntary" within the contemplation of Maryland Rule 735, the trial judge must make a specific inquiry of the accused on the record to determine if his decision to waive trial by jury was improperly induced by promises or by physical or mental coercion.

Maryland Rule 735 a requires that the defendant in a criminal case, prior to trial, elect in writing whether to be tried by a jury or by the court. The form and content of the written election is set forth in Rule 735 b as follows:

> "Election of Court Trial or Jury Trial
> I know that I have a right to be tried by a jury of 12 persons or by the court without a jury. I am aware that before a finding of guilty in a jury trial all 12

jurors must find that I am guilty beyond a reasonable doubt. I am aware that before a finding of guilty in a court trial the judge must find that I am guilty beyond a reasonable doubt.

I hereby elect to be tried by: . . . . . . . . . . .

(insert 'the court' or 'a jury')

I make this election knowingly and voluntarily and with full knowledge that I may not be permitted to change this election.

Witness:

. . . . . . . . . . . . . . . . . . . . . . . . . . .

Signature of Counsel Signature of Defendant

Date: . . . . . "

Rule 735 d entitled "When Court Trial Elected," provides:

"If the defendant elects to be tried by the court, the trial of the case on its merits before the court may not proceed until the court determines, after inquiry of the defendant on the record, that the defendant has made his election for a court trial with full knowledge of his right to a jury trial and that he has knowingly and voluntarily waived the right. If the court determines otherwise, it shall give the defendant another election pursuant to this Rule."

Rule 735 was interpreted in *Countess v. State,* 286 Md. 444, 408 A.2d 1302 (1979), a case involving a number of defendants who had elected court rather than jury trials. The narrow issue there presented was whether the elections complied with the "prescriptions" of the rule. The Court observed that whether or not a defendant actually made an election in writing, as required by Rule 735 b, there must still be compliance with the provisions of § 735 d where a court trial is ultimately elected. We said that the requirement of Rule 735 d that the defendant must " 'knowingly and voluntarily' " waive the right to a jury trial "goes no further than the mandates for a waiver of that right

under the constitutions." *Id.* at 455. We said that if the waiver is determined by the trial court to have been an intentional relinquishment or abandonment of the known right to a jury trial, it meets the test of Rule 735 d. In passing on that question, we held that Rule 735 d requires that the defendant have " 'full knowledge of his right to a jury trial.' " Compliance with this essential, we noted, contemplates "that the defendant have a basic understanding of the nature of a jury trial." *Id.* at 455. We observed that this understanding is generally satisfied

> "when the defendant entitled to a jury trial knows that he has the right to be tried by a jury of 12 persons or by the court without a jury; that whether trial is by a jury or by the court, his guilt must be found to be beyond a reasonable doubt; that in a jury trial all 12 jurors must agree that he is so guilty but in a court trial the judge may so find. These are the matters which the defendant acknowledges he is aware of in the written form of election set out in § b of the Rule in designating his election of court trial or jury trial, and normally they should suffice." *Id.*

We concluded in *Countess* that if the trial judge duly determines that the accused understands these aspects of a jury trial, he has sufficient knowledge of his right to a jury trial to satisfy the requirements of the rule.

### The Dortch Case

Terry Dortch was charged with storehouse breaking and related offenses. Pursuant to Rule 735 b, he filed a written election to be tried by the court rather than by jury. The written election was witnessed by Dortch's trial counsel and specified that it was made "knowingly and voluntarily."

Prior to trial, the court questioned Dortch on the record as required by Rule 735 d to determine whether his jury trial waiver was knowing and voluntary. After advising Dortch of his right to a jury trial, the court told him, as required by the

rule and by *Countess,* that a jury was comprised of twelve persons who, in order to convict, must all agree as to his guilt beyond a reasonable doubt. In response to the court's questions, Dortch acknowledged that his counsel had advised him "all about" a jury trial when he signed the election for a court trial. Dortch said that he wanted to waive his right to a jury trial and wanted the court to hear the case without a jury. The trial judge did not inquire as to whether Dortch's decision to waive his right to trial by jury was a product of threats, promises or inducements.

Dortch was convicted of storehouse breaking and appealed to the Court of Special Appeals, claiming that the failure of the trial judge to inquire on the record as to whether he voluntarily waived his right to a jury trial constituted reversible error under Rule 735 d. The court in an unreported opinion found no merit in Dortch's contention. After reviewing the colloquy between the trial judge and Dortch at the commencement of the trial, the intermediate appellate court concluded that, considering the record as a whole, Dortch had been fully advised of the nature of a jury trial and voluntarily waived his right thereto. We granted certiorari.

### The Cohen Case

Charged with various sexual offenses, Cohen did not make a written election as to the mode of trial, as required by Rule 735 b. At the time of Cohen's trial, his counsel told the court that he had advised Cohen of his right to have a jury or a court trial. The court then initiated a dialogue with Cohen concerning his age and education and whether he understood "what a jury trial is." In response, Cohen told the court that a jury consisted of twelve of his peers. After the court had fully advised Cohen, in the language of *Countess,* as to the nature of a jury trial, Cohen said he did not want a jury but wanted to be tried by the court. On three separate occasions, Cohen told the trial judge that he did not want a jury trial. The trial judge said he was "convinced" that Cohen knew what a jury trial was and that "he voluntarily

and intelligently made a waiver thereof." The court did not specifically inquire of Cohen as to whether his decision to waive a jury trial was the result of any threats or promises which were made to him.

Cohen was convicted and appealed, claiming that his waiver of a jury trial was not voluntary. The Court of Special Appeals, in an unreported opinion, held that there was no requirement under Rule 735 d or under *Countess* "to catechize as to threats, promises, or inducements." It concluded that "the trial court could have easily perceived a certain voluntariness ... [from the] interlocution between the court and Mr. Cohen." The court held that the record demonstrated that Cohen had voluntarily waived his right to a jury trial. We granted certiorari.

Each appellant argues that the trial court violated Rule 735 d in accepting his jury trial waiver because no inquiry was made on the record to determine the voluntariness of the waiver. The appellants claim that while an accused may be fully informed of the nature of a jury trial, as required by Rule 735 d and as explicated in *Countess,* nevertheless the waiver would not be voluntary if it was the product of coercion. Accordingly, they maintain that the trial judge must make a specific inquiry under Rule 735 d regarding voluntariness, "since circumstances rendering a waiver involuntary may be subtle as well as blatant." They suggest, by way of example, that absent an on-the-record inquiry by the trial judge to elicit the existence of any threats, promises or inducements calculated to coerce the waiver, an Assistant State's Attorney could with impunity promise to "go to bat" for the accused if he waived his right to a jury trial. The appellants argue that *Countess* does not speak to the voluntariness prong of Rule 735 d and, consequently, the mere fact that they were fully informed as to the nature of a jury trial, in accordance with *Countess,* is not alone sufficient to meet the rule's voluntariness requirement.

To satisfy constitutional due process standards, the waiver of the right to a jury trial must constitute an intentional relinquishment or abandonment of a known right or privilege. *Boykin v. Alabama,* 395 U.S. 238, 89 S. Ct. 1709,

23 L. Ed. 2d 274 (1969); *McCarthy v. United States,* 394 U.S. 459, 89 S. Ct. 1166, 22 L. Ed. 2d 418 (1969); *State v. Priet,* 289 Md. 267, 424 A.2d 349 (1981); *Davis v. State,* 278 Md. 103, 361 A.2d 113 (1976). We think it clear that the provisions of Rule 735 b and d that require a voluntary and knowing waiver of the right to a jury trial were intended simply to incorporate the due process standard within the rule itself. As the cited cases point out, whether there has been the requisite waiver can only be determined on a case-by-case basis, taking into account the relevant circumstances in their totality as disclosed by the record. Nothing in the verbiage of Rule 735 b or d requires the trial court to inquire of an accused who elects a court rather than a jury trial whether his decision was induced by promises or by physical or mental coercion. We conclude therefore, as we did in *Priet* and *Davis* involving the voluntariness of a guilty plea, that no specific ritual or fixed litany need be followed by the trial judge in determining the voluntariness of the accused's election to waive his right to a jury trial.

The record in the Dortch case indicates that the defendant made a written election witnessed by counsel, stating that his election for a court rather than a jury trial was "knowingly and voluntarily" made. The voluntary character of the election was fortified by the colloquy between the trial judge and Dortch at the commencement of the trial. We think the trial judge fairly determined that Dortch, having been fully advised with respect to the nature of a jury trial, voluntarily relinquished that right when he elected a court trial.

While Cohen, unlike Dortch, did not make a written election under Rule 735 b acknowledging that his court trial election was voluntarily made, the trial judge specifically determined on the record from his dialogue with Cohen prior to trial that he voluntarily waived his right to a jury trial.

In the circumstances of the cases before us, therefore, the failure of the trial judge to specifically inquire as to whether the jury trial waivers were induced by promises or by physical or mental coercion did not constitute error. We

nevertheless take note of the fact that many trial judges do direct such an inquiry to defendants who waive jury trials under Rule 735 d and we think this is the preferable practice. Indeed, paralleling the thought expressed by Judge Digges for the Court in *Davis v. State, supra,* 278 Md. at 118, we encourage trial judges to engage persons electing court trials in a dialogue as detailed as time, resources and circumstances permit so as to insulate jury trial waivers from successful direct or collateral attack.

> *Judgments affirmed; one-half of the costs to be paid by each appellant.*