582 A.2d 507

**STATE of Maryland**

v.

**Michael D. HALL.**

**No. 2, Sept. Term, 1990.**

Court of Appeals of Maryland.

Dec. 3, 1990.

Gary E. Bair, Asst. Atty. Gen. (J. Joseph Curran, Jr., Atty. Gen., on brief), Baltimore, for petitioner.

José Felipé Anderson, Asst. Public Defender (Alan H. Murrell, Public Defender, on brief), Baltimore, for respondent.

Argued before MURPHY, C.J., and ELDRIDGE, RODOWSKY, McAULIFFE and CHASANOW, JJ.

MURPHY, Chief Judge.

At issue in this case is whether the petitioner, Michael Hall, knowingly and voluntarily waived his right to a trial by jury.

## I.

Hall was charged by criminal information in the Circuit Court for Wicomico County with (1) unlawful stabbing, (2) assault, (3) battery, (4) carrying a dangerous weapon openly with the intent to injure, (5) assault, (6) battery, and (7) malicious destruction. On October 11, 1988, he pleaded not guilty and elected to be tried by the court by executing the following form:

"PLEA AND ELECTION OF COURT OR JURY TRIAL

     *     *     *     *     *     *

"I know that I have a right to be tried by a jury of 12 persons or by the court without a jury. I am aware that before a finding of guilty in a jury trial, all 12 jurors must find that I am guilty beyond a reasonable doubt. I am aware that before a finding of guilty in a court trial, the judge must find that I am guilty beyond a reasonable doubt.

"I hereby elect to be tried by: *COURT*

"I make this election knowingly and voluntarily and with full knowledge that I may not be permitted to change the election.

    */s/ Michael D. Hall*
    DEFENDANT"

Subsequently, on January 29, 1989, Hall appeared in court with counsel. The docket entries showed that, at that time, Hall waived his right to a jury trial and pleaded guilty to counts 3, 4 and 7, pursuant to an agreement with the State. The docket entries further reflect that, upon examination by the court (Truitt, J.), Hall stated that "he feels that he was coerced by the police to make statements"; that the court thereupon refused to accept the plea agreement; and the plea was withdrawn and the case scheduled for trial.

At the trial on February 9, 1989, before evidence was adduced, the court (Simpson, J.) engaged in the following colloquy with Hall:

"Mr. Hall, you have the right to a trial by a jury where twelve people would hear the evidence. After they hear the evidence, they would all have to agree upon their verdict. They would all have to be convinced beyond a reasonable doubt that you are guilty before a jury would find you guilty. Do you want to be tried by a jury or do you want to waive your right to a jury trial and be tried by the Court, in which event I will hear the evidence and have to be convinced beyond a reasonable doubt before I would find you guilty. Do you want a jury trial or do you want to waive your right to a jury trial and be tried by the Court?

"THE DEFENDANT: Tried by the Court."

Hall was convicted of the charges against him. On appeal to the Court of Special Appeals, he argued that the judgments should be reversed because he did not knowingly and voluntarily waive his right to a jury trial. The intermediate appellate court agreed; it concluded "that the trial court erred in proceeding to try appellant without first having made a more complete on-the-record determination that he knowingly and intelligently waived his right to a jury trial." It found the colloquy between the trial judge and Hall insufficient to demonstrate that Hall acted voluntarily, or that he understood the right he was waiving. The court said:

"At no point did the trial court ask appellant if he understood that he had an absolute right to a jury trial, or if he understood the trial court's very brief explanation of a jury trial. The trial court did not attempt to determine whether appellant's election of a bench trial was truly voluntary and whether it was a knowing and informed choice."

In so holding, the Court of Special Appeals made no mention of Hall's written pretrial waiver of his right to a jury trial. Upon the State's petition, we granted certiorari.

## II.

Maryland Rule 4-246 governs the waiver of a jury trial in the circuit court. It provides, in subparagraph (b):

**"Procedure for Acceptance of Waiver.**—A defendant may waive the right to a trial by jury at any time before the commencement of trial. The court may not accept the waiver until it determines, after an examination of the defendant on the record in open court conducted by the court, the State's Attorney, the attorney for the defendant, or any combination thereof, that the waiver is made knowingly and voluntarily."

The State contends that the Court of Special Appeals erred in determining that Hall's waiver of a jury trial was not "knowingly and voluntarily" entered in compliance with the rule. Hall maintains that the intermediate appellate court should be affirmed because the waiver inquiry conducted by the court was insufficient to satisfy the requirements of the rule. Hall points out that the court asked no questions concerning his mental condition at the time of the waiver, or whether the waiver was the result of compulsion from any source. Moreover, Hall avers that the court did not ask him whether he understood the nature of the waiver inquiry; that it never advised him how the jury would be selected; or how it would be drawn from the county voting rolls; or that he could assist in selecting the persons to serve on the jury.

Rule 4–246 was adopted in 1984. It was patterned after revised Rule 735, which was in effect from January 8, 1982 to July 1, 1984 and which, unlike its immediate predecessor bearing the same number, did not require either a written waiver of a jury trial or a recitation by the trial court to the accused of a fixed litany concerning the precise contours of the jury trial right. *See Martinez v. State,* 309 Md. 124, 132, n. 7, 522 A.2d 950 (1987). In considering the requirements of Rule 4–246(b), we said in *Martinez* that before the accused may elect a court trial, "a waiver inquiry must be conducted *on the record* in open court [and] [t]he questioner must examine *the defendant,* for only he can waive his right to a jury trial." 309 Md. at 133, 522 A.2d 950 (emphasis in original). In *Stewart v. State,* 319 Md. 81, 90, 570 A.2d 1229 (1990), we recognized that the right may be voluntarily waived by a knowing, intelligent act done with sufficient awareness of the relevant circumstances and likely consequences. In other words, as we observed in *Martinez,* 309 Md. at 133, 522 A.2d 950, for a waiver to be valid, "the court must be satisfied that the defendant's election was made knowledgeably and voluntarily," that is, that there has been an intentional relinquishment or abandonment of a known right or privilege. *See Brady v. United States,* 397 U.S. 742, 748, 90 S.Ct. 1463, 1468, 25 L.Ed.2d 747 (1970); *Johnson v. Zerbst,* 304 U.S. 458, 464, 58 S.Ct. 1019, 1023, 82 L.Ed. 1461 (1938).

■ Our cases hold that whether there has been an intelligent waiver of the jury trial right depends upon the facts and circumstances of each case. *Stewart, supra,* 319 Md. at 90, 570 A.2d 1229; *Martinez, supra,* 309 Md. at 134, 522 A.2d 950; *Dortch v. State,* 290 Md. 229, 428 A.2d 1220 (1981). In determining whether the defendant has knowingly and voluntarily waived his right to a jury trial under Rule 4–246(b), "the questioner need not recite any fixed incantation." *Martinez, supra,* 390 Md. at 134, 522 A.2d 950. The court must, however, satisfy itself that the waiver is not a product of duress or coercion and further that the defen-

dant has some knowledge of the jury trial right before being allowed to waive it. *Id.* at 134, 522 A.2d 950.

■ Considering the totality of the circumstances in the present case, *see Dortch v. State, supra,* 290 Md. at 235, 428 A.2d 1220, we think that the trial judge could fairly find that Hall intentionally relinquished his known right to a jury trial by his voluntary act in waiving that right. When Hall appeared for trial before the court, in the presence of his attorney and the prosecutor, the court advised him of his right to a jury trial "where twelve people would hear the evidence," all of whom would have to be convinced beyond a reasonable doubt before he could be found guilty. The court advised Hall that if he waived his right to a jury trial, the court would hear the evidence and have to be convinced beyond a reasonable doubt before he could be found guilty. At the end of this colloquy, the trial judge asked Hall whether he wanted to be tried by jury or by the court, to which Hall answered: "Tried by the Court."

While the court did not specifically ask Hall whether he understood what he had been told, or whether his election of a court trial was the result of any physical or mental duress or coercion, we think that the record before us demonstrates that the court could fairly be satisfied that Hall had the requisite knowledge of the jury trial right, that the waiver was voluntary, and that the requirements of the rule were satisfied. Moreover, the court was not required to advise Hall, as he contends, as to the details of the jury selection process.

We conclude, therefore, that constitutional due process requirements were not transgressed in this case. Fortifying this determination is the fact that on two prior occasions, the first in writing, and the second during in-court plea negotiations, Hall also waived his right to a jury trial; on each occasion, he was also represented by counsel.

We are, of course, mindful that the cold record before us does not reflect a defendant's demeanor, tone, facial expressions, gestures, or other indicia which, to a trial judge, may

be indicative of a knowing and voluntary waiver of the jury trial right. For that reason, we have urged trial judges, as we do again, to be as thorough and detailed in conducting the waiver examination on the record "as time, resources and circumstances permit so as to insulate jury trial waivers from successful direct or collateral attack." *Dortch v. State, supra,* 290 Md. at 326, 428 A.2d 1220.

JUDGMENT OF THE COURT OF SPECIAL APPEALS REVERSED; CASE REMANDED TO THAT COURT WITH DIRECTIONS TO AFFIRM THE JUDGMENT OF THE CIRCUIT COURT FOR WICOMICO COUNTY. COSTS IN THE COURT OF SPECIAL APPEALS AND IN THIS COURT TO BE PAID BY THE RESPONDENT.