590 A.2d 550

Terry Ray TIBBS

v.

STATE of Maryland.

No. 33, Sept. Term, 1991.

Court of Appeals of Maryland.

June 4, 1991.

Julia Doyle Bernhardt, Asst. Public Defender (Stephen E. Harris, Public Defender), Baltimore, for petitioner.

Kathryn Grill Graeff, Asst. Atty. Gen. (J. Joseph Curran, Jr., Atty. Gen.), Baltimore, for respondent.

Submitted to MURPHY, C.J., ELDRIDGE, RODOWSKY, McAULIFFE, CHASANOW, KARWACKI and ROBERT M. BELL, JJ.

MURPHY, Chief Judge.

We granted certiorari to determine whether the Court of Special Appeals correctly concluded that the petitioner, Terry Tibbs, waived his right to a jury trial in conformance with the requirements of Maryland Rule 4–246. That Rule provides:

"A defendant may waive the right to a trial by jury at any time before the commencement of trial. The court may not accept the waiver until it determines, after an examination of the defendant on the record in open court conducted by the court, the State's Attorney, the attorney for the defendant, or any combination thereof, that the waiver is made knowingly and voluntarily."

## I.

Just prior to trial in the Circuit Court for Frederick County on four controlled dangerous substance charges, the petitioner's counsel inquired of him whether he understood "that you have a right to have a trial by a jury." Tibbs answered, "Yes, I do." The colloquy continued as follows:

"MR. STILLRICH [Defense Counsel]: And do you understand what a jury trial is?

"DEFENDANT: Yes, I do.

"MR. STILLRICH: And you indicated to me when I spoke with you at the detention center the other evening that you desired to have the case tried before this Court alone, is that correct?

"DEFENDANT: Yes, I do.

"MR. STILLRICH: And you do specifically waive your right to have the matter tried before a jury?

"DEFENDANT: Yes, I do.

"MR. STILLRICH: Has anyone forced you or threatened you to have you give up your right to a jury trial?

"DEFENDANT: No, they haven't."

"MR. STILLRICH: Have you given up your right to a jury trial freely and voluntarily?

"DEFENDANT: Yes, I have.

> \* \* \* \* \* \*

"MR. STILLRICH: Your Honor, I would proffer to the Court that a waiver of a jury trial is freely and voluntarily tendered.

> \* \* \* \* \* \*

"THE COURT: All right.

"MR. STILLRICH: And we're ready to proceed, Your Honor.

"THE COURT: Okay. And Mr. Tibbs enters a plea of not guilty to the four counts, is that right?

"MR. STILLRICH: That's correct.

"THE COURT: Waives his right to a jury trial?

"MR. STILLRICH: Yes, Your Honor."

Following Tibbs's convictions, he appealed to the Court of Special Appeals, contending that his waiver could not have been "knowing" because the record was devoid of any information about the nature of a jury trial. Moreover, he argued that the trial court made no finding on the issue, but merely stated "All right" in response to counsel's proffer that the waiver was freely and voluntarily tendered. In its unreported opinion, the Court of Special Appeals held that, considering the totality of the circumstances, Tibbs intentionally relinquished or abandoned his known right or privilege to a jury trial. It said that the trial court's determination that the waiver was knowing and voluntary was supported by the disclosure in the record that Tibbs was no novice to the legal system because he was on parole at the time of his arrest for the instant offenses. The intermediate appellate court believed that when Tibbs affirmatively stated "that he understood the nature of a jury trial, the trial court had every reason to believe him."

## II.

Our cases hold that whether there has been an intelligent waiver of the jury trial right depends upon the facts and circumstances of each case. *State v. Hall*, 321 Md. 178, 582 A.2d 507 (1990). While no fixed litany need be followed in complying with Maryland Rule 4–246, the trial court must satisfy itself that the waiver is not a product of duress or coercion, and further that the defendant has some knowledge of the jury trial right before being allowed to waive it. *Id.* at 182–83, 582 A.2d 507.

Considering the totality of the circumstances in the present case, *see Dortch v. State*, 290 Md. 229, 235, 428 A.2d 1220 (1981), we hold that the record is woefully deficient to establish that Tibbs knowingly and voluntarily relinquished his right to a jury trial. The record fails to disclose that Tibbs received any information at all concerning the nature of a jury trial, as required by our cases. *See Hall, supra*, 321 Md. at 183, 582 A.2d 507; *Martinez v.*

*State,* 309 Md. 124, 522 A.2d 950 (1987). It is not sufficient that an accused merely respond affirmatively to a naked inquiry, either from his lawyer or the court, that he understood that he has a right to a jury trial, that he knows "what a jury trial is," and waives that right "freely and voluntarily." Accordingly, notwithstanding that Tibbs may have had some prior unspecified experience with the criminal justice system, the trial judge could not fairly be satisfied on this record that Tibbs had the requisite knowledge of the nature of the jury trial right, that his waiver of the right was knowing and voluntary, and that the requirements of the rule were thus met. We conclude, therefore, that constitutional due process requirements were transgressed in this case.

JUDGMENT OF THE COURT OF SPECIAL APPEALS REVERSED; CASE REMANDED TO THAT COURT WITH DIRECTIONS TO REMAND THE CASE TO THE CIRCUIT COURT FOR FREDERICK COUNTY FOR A NEW TRIAL. COSTS IN THE COURT OF SPECIAL APPEALS AND IN THIS COURT TO BE PAID BY FREDERICK COUNTY, MARYLAND.