958 A.2d 915

**Kevin WALKER**

v.

**STATE of Maryland.**

**No. 75, Sept. Term, 2007.**

Court of Appeals of Maryland.

Oct. 24, 2008.

Piedad Gomez, Asst. Public Defender (Nancy S. Forster, Public Defender, on brief), for Petitioner.

Carrie J. Williams, Asst. Atty. Gen. (Douglas F. Gansler, Atty. Gen., on brief), for Respondent.

Argued before BELL, C.J., HARRELL, BATTAGLIA, GREENE, MURPHY, ALAN M. WILNER, (Retired, specially assigned) and DALE R. CATHELL, (Retired, specially assigned), JJ.

MURPHY, J.

In the Circuit Court for Howard County, Kevin Walker, Petitioner, was convicted of possession of a forged document. He now argues that he is entitled to a new trial on the ground that the Circuit Court erroneously failed to conduct a jury

trial waiver inquiry required by Md. Rule 4–246(b). The Court of Special Appeals rejected this argument. For the reasons that follow, so do we.

## I.

Petitioner was arrested by Howard County police officers about 3:00 p.m. on July 24, 2005. Later that day he was served with a District Court STATEMENT OF CHARGES that formally charged him with two violations of the Maryland Controlled Dangerous Substances Act and eight violations of § 8–601 of the Criminal Law Article. A defendant charged with any of these offenses has a right to be tried in the District Court, as well as a right to be tried in the circuit court. The District Court set Petitioner's bail at $5,000, and scheduled Petitioner's trial for October 14, 2005. On September 29, 2005, the District Court received a DEMAND FOR JURY TRIAL filed on Petitioner's behalf by his trial counsel. Petitioner's circuit court trial was originally scheduled for November 29, 2005, but was rescheduled to January 24, 2006 at the request of Petitioner's trial counsel.

Petitioner's trial counsel filed several pretrial motions, including what he described as "more properly characterized as a motion to dismiss, based on an unlawful arrest." That motion was heard and denied on January 10, 2006. On January 24, 2006, the following transpired in open court:

> [THE PROSECUTOR]: Your Honor, we are proceeding by way of a not guilty agreed statement of facts as to Count 7 which is possession of a forged document. Your Honor, the State and the Defense will be recommending a flat time served disposition of this matter.
>
> * * *
>
> [COUNSEL FOR WALKER]: Your Honor ... that's our understanding of the agreement.
>
> * * *
>
> [COUNSEL FOR WALKER]: And, Your Honor, just so it is clear to Mr. Walker, by proceeding on a not guilty

statement of facts as him and I have discussed, he is essentially preserving his automatic right to appeal.

[THE COURT]: Right.

[COUNSEL FOR WALKER]: Certain motions that have been made previously in this case.

[THE COURT]: Right, I saw the record, there was a—

[COUNSEL FOR WALKER]: A Motion to Dismiss that was denied.

[THE COURT]: Yeah, right. But that fully—preserved it for appellate purposes.

[COUNSEL FOR WALKER]: Thank you.

[THE COURT]: Right. Do you want to qualify Mr. Walker on the—

[COUNSEL FOR WALKER]: Yes, Your Honor.

[THE COURT]:—on the not guilty agreed statement of facts.

[COUNSEL FOR WALKER]: Mr. Walker, as the State has just informed the Court, it is your desire today to proceed on a not guilty statement of facts. Is that correct?

[WALKER]: Yes.

[COUNSEL FOR WALKER]: Okay. And you understand that when proceeding on a not guilty statement of facts you are proceeding as if you in fact went to trial and you were convicted of the crime charged? In this case, that crime is possession of a forged or privileged document. Do you understand?

[WALKER]: Privileged document, okay.

[COUNSEL FOR WALKER]: And do you understand that the difference between proceeding on a guilty plea and a not guilty statement of facts is that in this situation you are, as I informed the Court, and your understanding is that you are preserving your automatic right to appeal. Do you understand that?

[WALKER]: Correct.

[COUNSEL FOR WALKER]: Okay. Can you please state your full name for the record?

[WALKER]: Kevin Dwight Walker.

[COUNSEL FOR WALKER]: Okay. How old are you?

[WALKER]: Forty-nine.

[COUNSEL FOR WALKER]: Okay. How far did you go in school?

[WALKER]: Fifteen years.

[COUNSEL FOR WALKER]: Okay. Do you read and [write] the English language?

[WALKER]: Yes.

[COUNSEL FOR WALKER]: Okay, and do you understand everything that is happening here today?

[WALKER]: Yes.

[COUNSEL FOR WALKER]: Okay. Have you taken any drugs, medicine or pills—

[WALKER]: No.

[COUNSEL FOR WALKER]:—within the last 24 hours?

[WALKER]: No.

[COUNSEL FOR WALKER]: Mr. Walker will you let me finish my questions first? Are you presently under the influence of drugs or alcohol?

[WALKER]: No.

[COUNSEL FOR WALKER]: Okay. Have you received a written copy of the charges in this case?

[WALKER]: And that would be this what I got—

[COUNSEL FOR WALKER]: Okay, we refer to it as the charging documents, statement of charges in this case—

[WALKER]: Yes.

[COUNSEL FOR WALKER]:—as this case originated in District Court.

[WALKER]: Yes.

[COUNSEL FOR WALKER]: Have you had an adequate opportunity to discuss the charges with me as your attorney?

[WALKER]: Yes.

[COUNSEL FOR WALKER]: Okay. Do you fully understand the charges against you?

[WALKER]: Yes.

[COUNSEL FOR WALKER]: Do you understand that you are charged with possession, among other things, possession of a privileged or forged document?

[WALKER]: Yes.

[COUNSEL FOR WALKER]: Okay. Have you had an adequate opportunity to discuss essentially the plea agreement that we have just detailed to [the judge] here today with me? Have you had an adequate opportunity?

[WALKER]: Yes.

[COUNSEL FOR WALKER]: Okay. Has anyone made any promises to you other than what has been now placed on the record to get you to enter or proceed in this manner?

[WALKER]: No.

[COUNSEL FOR WALKER]: Okay. Do you understand that the maximum penalty for this offense is three years?

[WALKER]: Yes.

[COUNSEL FOR WALKER]: Okay. Now, do you understand that when you proceed in this way you are giving up or waiving your right to trial? Do you understand that?

[WALKER]: No, I didn't—

[COUNSEL FOR WALKER]: Do you understand that there will be no trial in this situation?

[WALKER]: Okay, yes.

[COUNSEL FOR WALKER]: Okay. And do you understand that in proceeding in this way you are essentially proceeding and then and in the end it will act as a conviction on the one count of possession of a privileged document? Do you understand that?

[WALKER]: Yes.

[COUNSEL FOR WALKER]: Okay. Your Honor.

[THE COURT]: All right, and, Mr. Walker, you understand also that you are waiving any right to have a jury trial of

this matter, as well as a court trial? Do you understand that?

[WALKER]: I do now. I didn't at first. I didn't know it was a waiver. I knew it was an appealable right, you know—

[THE COURT]: Yes, you have the—

[WALKER]:—saving the appeal. So—

[THE COURT]:—you [have] the right to appeal, but as you know because you and I have been down this road—

[WALKER]:—oh, yes, yes.

[THE COURT]: -you and I have been down this road before and I think we have had at least one jury trial, maybe two. One time you got a hung jury and the other time, I think—well, I don't know, I can't recall everything. But you fully understand about jury trials and—

[WALKER]: Yes.

[THE COURT]:—all that.

[WALKER]: Yeah, I—

[THE COURT]: By proceeding as you are doing here today, you are waiving your right to have a jury trial.

[WALKER]: All right.

The Circuit Court then determined that it was "satisfied the Defendant has made a knowing, intelligent and voluntary decision" to waive his right to a trial and to proceed on a not guilty statement of facts.

Petitioner noted an appeal to the Court of Special Appeals, but did not present any argument on whatever issue he intended to preserve for appellate review by proceeding on a not guilty agreed statement of facts. Petitioner argued only that the circuit court erred in failing to conduct an examination, on the record, as to whether Petitioner's waiver of a jury trial was made knowingly and voluntarily, in compliance with the requirements of Maryland Rule 4–246(b). In an unreported opinion, the Court of Special Appeals concluded that "the trial's court's personal knowledge of Walker's prior jury trial experience, combined with Walker's affirmation that he fully

understood about jury trials, and defense counsel's reference to pre-hearing discussions with Walker were sufficient for the court to conclude that Walker had some knowledge of the jury trial right and had knowingly waived it." *Walker v. State,* No. 2512, Sept. Term 2005, 175 Md.App. 783 (2007), slip opinion p. 12.

In his petition for writ of certiorari, Petitioner presents the following question:

> Where absolutely no information about the nature of a jury trial was given to Petitioner on the record, did the Court of Special Appeals err in ruling that the waiver was nevertheless valid because of the trial judge's assertion of his personal knowledge of Petitioner's prior experience with the criminal justice system, Petitioner's affirmative response to the trial judge's assertion, "you fully understand about jury trials and all that," and defense counsel's reference to off-the-record discussions with Petitioner?

We granted Petitioner's petition for writ of certiorari to determine whether the waiver was made knowingly under Maryland Rule 4–246(b). *Walker v. State,* 402 Md. 37, 935 A.2d 406 (2007).

## II.

Petitioner argues that his waiver of a jury trial was not made knowingly because the trial judge provided no information on the record in open court about the nature of a jury trial. According to Petitioner, the plain language of Rule 4–246(b) requires an examination regarding waiver of a jury trial on the record in open court, and precludes any presumption that a defendant who is represented by counsel was informed of his constitutional rights. He also argues that the Circuit Court's reliance on off-the-record matters including his alleged trial experience and pre-hearing discussions with his counsel were in error and that it is not sufficient that he simply responded affirmatively to the trial judge's assertion that he "fully understand[s] about jury trials and [all that]."

The State counters that, considering the totality of the circumstances, the Circuit Court was correct in its finding that Petitioner had made a knowing and intelligent waiver of his right to a jury trial. According to the State, the Circuit Court was entitled to consider that (1) Petitioner was specifically asked if he understood that he was waiving his right to a jury trial, (2) the circuit court had personal knowledge of Petitioner's jury trial experience, and (3) Petitioner stated on the record that he discussed his case with his attorney. Additionally, the State asserts that Petitioner's representation by counsel raises the presumption that he has been informed of his constitutional rights, including his right to a trial by jury.

On January 24, 2005, Maryland Rule 4–246(b) provided:

A defendant may waive the right to a trial by jury at any time before the commencement of trial. The court may not accept the waiver until it determines, after an examination of the defendant on the record in open court conducted by the court, the State's Attorney, the attorney for the defendant, or any combination thereof, that the waiver is made knowingly and voluntarily.

Maryland Rule 4–246(a)–(b) was amended on December 4, 2007, to take effect on January 1, 2008.[1] The revised rule now provides:

(a) *Generally.* In the circuit court, a defendant having a right to trial by jury shall be tried by a jury unless the right is waived pursuant to section (b) of this Rule. The State does not have the right to elect a trial by jury.

(b) *Procedure for acceptance of waiver.* A defendant may waive the right to a trial by jury at any time before the commencement of trial. The court may not accept the waiver until, after an examination of the defendant on the

---

1. The Rule change was in response to *Powell v. State*, 394 Md. 632, 907 A.2d 242 (2006), *cert. denied*, 549 U.S. 1222, 127 S.Ct. 1283, 167 L.Ed.2d 103 (2007), in which this Court upheld Powell's jury waiver although the trial judge neglected to state on the record that he found the jury trial waiver to be knowing and voluntary. *Id.* at 645, 907 A.2d at 250. Trial judges are now required to "determine[ ] and announce[ ] on the record that the waiver is made knowingly and voluntarily."

record in open court conducted by the court, the State's Attorney, the attorney for the defendant, or any combination thereof, the court determines and announces on the record that the waiver is made knowingly an d voluntarily.

 The "knowingly" requirement of the Rule was based on a 1982 revision to Rule 735, the precursor of Rule 4-246, which had previously required that a defendant have "full knowledge of his right to a jury trial." [2] The revised version of the Rule deleted the "full knowledge" requirement, replacing it with a requirement that the waiver be made "knowingly and voluntarily," so that a circuit court judge "need not recite any fixed incantation," but the court is ultimately responsible for determining that the defendant had "some knowledge of the jury trial right before being allowed to waive it." *Abeokuto v. State,* 391 Md. 289, 317–18, 893 A.2d 1018, 1034 (2006), *State v. Hall,* 321 Md. 178, 182–83, 582 A.2d 507, 509 (1990); *Martinez v. State,* 309 Md. 124, 133–34, 522 A.2d 950, 955 (1987). To waive the constitutionally protected right to a trial by jury the "trial judge must be satisfied that there has been an intentional relinquishment or abandonment of a known right or privilege." *Owens v. State,* 399 Md. 388, 418–19 n. 41, 924 A.2d 1072, 1089 n. 41 (2007), *cert. denied,* —— U.S. ——, 128 S.Ct. 1064, 169 L.Ed.2d 813 (2008); *Powell v. State,* 394 Md. 632, 639, 907 A.2d 242, 247 (2006), *cert. denied,* —— U.S. ——, 127 S.Ct. 1283, 167 L.Ed.2d 103 (2007); *Smith v. State,* 375 Md. 365, 379, 825 A.2d 1055, 1064 (2003). *See also Johnson v. Zerbst,* 304 U.S. 458, 464, 58 S.Ct. 1019, 1023, 82 L.Ed. 1461 (1938). Because only the defendant can validly waive his or her right to trial by jury, the defendant must directly respond to the waiver inquiry. *Hall,* 321 Md. at 182,

---

2. Maryland Rule 735(d) stated:
 If the defendant elects to be tried by the court, the trial of the case on its merits before the court may not proceed until the court determines, after inquiry of the defendant on the record, that the defendant has made his election for a court trial *with full knowledge of his right to a jury trial and that he has knowingly and voluntarily waived the right.* If the court determines otherwise, it shall give the defendant another election pursuant to this Rule.
 (emphasis added).

582 A.2d at 509; *Martinez,* 309 Md. at 133, 522 A.2d at 954. Moreover, in determining whether the defendant made the waiver knowingly, we will look to the "totality of the circumstances." *Hall,* 321 Md. at 183, 582 A.2d at 509.

In *State v. Bell,* 351 Md. 709, 720 A.2d 311 (1998), this Court discussed the standard to be applied under the 1982 revision to then Rule 735, which subsequently became Rule 4–246. We reviewed the history of the revision, which we stated, "implies that we wished to move away from the rigidity of the former rule 735 and *Countess.*"[3] *Id.* at 724, 720 A.2d at 318. We then concluded, with respect to the definition of "knowingly" in the applicable rule:

"Knowledge," in this context means "acquaintance" with the principles of a jury and "knowingly" means acting consciously or intentionally in waiving the right to a jury. Because respondent's knowledge no longer need be "full," it need not be "complete" or "entire." The rule no longer requires a specific in-court litany of advice with respect to the "unanimity" requirement for the trial court to accept and permit the waiver, by a defendant, of his right to a jury trial.

*Id.* at 730, 720 A.2d at 321 (citations omitted). We considered whether a waiver could be made knowingly if the defendant was not told that all 12 jurors must unanimously agree on his guilt because, in *Bell,* the defendant had agreed to a court trial after the judge informed him that a jury was comprised of 12 jurors, and that the charges must be proved beyond a reasonable doubt regardless of whether he chooses a jury trial or a court trial; the unanimity requirement was not addressed. We held that this colloquy sufficiently ensured that the defendant knowingly waived his right to a jury trial, even though

---

**3.** In *Countess v. State,* 286 Md. 444, 455, 408 A.2d 1302, 1308 (1979), we held that the defendant must know of his right to be tried by either a jury consisting of 12 people or the court; that guilt must be determined beyond a reasonable doubt in either a jury or court trial; that all 12 jurors must agree to a guilty verdict in order to convict in a jury trial; and that in a court trial only the judge determines whether defendant is guilty beyond a reasonable doubt.

the judge did not specifically address the unanimity requirement. *Id.*

In *State v. Hall,* 321 Md. 178, 582 A.2d 507 (1990), this Court expressly rejected the proposition that a jury trial waiver cannot be knowing and voluntary unless the defendant is advised "as to the details of the jury selection process." *Id.* at 183, 582 A.2d at 510. In *Hall,* the respondent, who had entered a guilty plea pursuant to an agreement with the State, argued that his jury trial waiver was not "knowingly and voluntarily" made because he was not asked any questions about (1) his mental condition at the time of the waiver, (2) his knowledge of the jury selection process, or (3) whether his waiver was the result of compulsion. While holding that the waiver at issue was knowing and voluntary, this Court stated yet again:

> Our cases hold that whether there has been an intelligent waiver of the jury trial right depends upon the facts and circumstances of each case. *Stewart, supra,* 319 Md. at 90, 570 A.2d at 1234; *Martinez, supra,* 309 Md. at 134, 522 A.2d [at 955]; *Dortch v. State,* 290 Md. 229, [235,] 428 A.2d 1220[, 1223] (1981). In determining whether the defendant has knowingly and voluntarily waived his right to a jury trial under Rule 4–246(b), "the questioner need not recite any fixed incantation." *Martinez, supra,* 390[309] Md. at 134, 522 A.2d [at 955]. The court must, however, satisfy itself that the waiver is not a product of duress or coercion and further that the *defendant has some knowledge* of the jury trial right before being allowed to waive it. *Id.* at 134, 522 A.2d [at 955]. [Emphasis added.]

*Id.* at 182–83, 582 A.2d 507.

In *Abeokuto,* 391 Md. at 289, 893 A.2d at 1018, Abeokuto appealed his court trial conviction for first degree murder and other criminal charges by challenging the court's finding that he made a voluntary and intelligent waiver of his right to a jury trial. During a colloquy between Abeokuto, his counsel, the prosecutor, and the judge, Abeokuto was asked seven times whether he understood the explanations given in "byte-

size"[4] groups, concerning his rights and the nature of a jury trial. We emphasized that the trial court need not "engage in a fixed litany or boilerplate colloquy," and found the waiver valid because he was explained "the jury trial process, standard of guilt, burden of proof, the necessity of a unanimous guilty verdict, and that, if convicted, [he] would have a later opportunity to choose whether to waive his right to a sentencing by jury." *Id.* at 320, 893 A.2d at 1036.

Petitioner argues that the case at bar is controlled by *Tibbs v. State*, 323 Md. 28, 590 A.2d 550 (1991), in which this Court analyzed the efficacy of the following colloquy between Tibbs, his counsel, and the judge regarding the waiver of the right to trial by jury:

[DEFENSE COUNSEL]: And do you understand what a jury trial is?

DEFENDANT: Yes, I do.

[DEFENSE COUNSEL]: And you indicated to me when I spoke with you at the detention center the other evening that you desired to have the case tried before this Court alone, is that correct?

DEFENDANT: Yes, I do.

[DEFENSE COUNSEL]: And you do specifically waive your right to have the matter tried before a jury?

DEFENDANT: Yes, I do.

[DEFENSE COUNSEL]: Has anyone forced you or threatened you to have you give up your right to a jury trial?

DEFENDANT: No, they haven't.

[DEFENSE COUNSEL]: Have you given up your right to a jury trial freely and voluntarily?

---

**4.** We stated that courts should "present such information to defendants in smaller intellectual 'bytes' and inquire discretely after each 'byte' or logical grouping of 'bytes' whether a defendant understands them" in order to ensure understanding of what could be "a rather daunting explication to a layman." *Abeokuto v. State*, 391 Md. 289, 350 n. 23, 893 A.2d 1018, 1054 n. 23 (2006).

DEFENDANT: Yes, I have.

\* \* \*

[DEFENSE COUNSEL]: Your Honor, I would proffer to the Court that a waiver of a jury trial is freely and voluntarily tendered.

\* \* \*

THE COURT: All right.

[DEFENSE COUNSEL]: And we're ready to proceed, Your Honor.

THE COURT: Okay. And Mr. Tibbs enters a plea of not guilty to the four counts, is that right?

[DEFENSE COUNSEL]: That's correct.

THE COURT: Waives his right to a jury trial?

[DEFENSE COUNSEL]: Yes, Your Honor.

*Id.* at 30, 590 A.2d at 551 (omissions in original). This Court held that the record was "woefully deficient" to establish a knowing waiver of Tibbs' right to a jury trial because he had received no information concerning "the nature of a jury trial," "notwithstanding that Tibbs may have had some prior unspecified experience with the criminal justice system." *Id.* at 31–32, 590 A.2d at 551. We concluded that, "[i]t is not sufficient that an accused merely respond affirmatively to a naked inquiry, either from his lawyer or the court, that he understood that he has a right to a jury trial, that he knows 'what a jury trial is,' and waives that right 'freely and voluntarily.'" *Id.* at 32, 590 A.2d at 551.

In the case at bar, the record shows that Petitioner obviously had "some knowledge" of his right to a jury trial, because he (1) made a considered decision to pray a jury trial rather than stand trial in the District Court,[5] (2) had been a criminal

---

5. It is clear that Petitioner's demand for jury trial, which was filed pursuant to Maryland Rule 4–301(b)(1)(A), was not made subsequent to the denial of a request for postponement. By complying with Rule 4–301(b)(1)(A), Petitioner obtained the right to "circuit court discovery" governed by Maryland Rule 4–263, as well as the right to "on the

defendant in at least one jury trial presided over by the very same circuit court judge who presided over the case at bar, (3) was represented by counsel, who reached an agreement with the State, pursuant to which the State would drop all but one of several charges then pending against the defendant in the circuit court, (4) elected to proceed on a "not guilty agreed statement of facts" in order to preserve for appellate review some issue that was thereafter abandoned,[6] and (5) advised the circuit court that he understood that he was "waiving any right to have a jury trial of this matter, as well as a court trial[.]" Under these circumstances, the circuit court had an adequate basis to determine that Petitioner's waiver was knowing and voluntary.

Unlike cases in which the defendant chooses between a court trial and a jury trial in order to challenge the probative value of the State's evidence, the case at bar is one in which Petitioner was challenging the *admissibility* of the State's evidence rather than the *sufficiency* or the *probative value* of that evidence.[7] To preserve his right to appellate review of the

record" appellate review of a judgment of conviction entered in the circuit court.

6. By proceeding in the circuit court on a statement of facts, Petitioner did preserve the issue of whether he was entitled to suppression of the forged document seized from his person on July 24, 2005. While Petitioner's case was pending in the District Court, he filed a *pro se* Motion for Dismissal, complete with a certificate of service, in which he claimed that he was entitled to a dismissal on the grounds of (in the words of his motion):

I. Lack of Probable Cause [for his arrest]
II. Harassment
III. Unlawfully Detained
IV. Violation of civil rights
V. Violation of Federal Constitution The right to Privacy

During Petitioner's January 10, 2006 Motions Hearing, his counsel argued that all charges against Petitioner should be dismissed on the ground that the incriminating evidence seized from Petitioner's person on July 24, 2005 was seized in violation of Petitioner's Fourth Amendment rights.

7. All of the cases in which this Court concluded that noncompliance with Maryland Rule 4–246(b) entitled the defendant to a new trial are

issue of whether the State's evidence was acquired in violation of his constitutional rights, Petitioner made a strategic decision to have the court determine his guilt or innocence on the basis of an agreed statement of facts that was the product of plea negotiations.[8] The record shows that, having prayed a jury trial in the District Court, Petitioner wanted to proceed in the circuit court on a "not guilty agreed statement of facts" as a result of a bargained for arrangement that would allow him to (1) avoid prosecution on all but one of the charges he was then facing, and (2) obtain appellate review of the denial of some motion that he had filed. The record also shows that he agreed to the truthfulness of the facts that constituted the basis for his conviction of the one charge for which he would receive a "time served" disposition.

Petitioner does not argue that his waiver was the product of duress or coercion. For reasons stated in *State v. Bell, supra,* and *State v. Hall, supra,* the circuit court was not

cases in which the circuit court was required to determine the probative value of testimonial evidence presented during a trial.

In *Abeokuto v. State,* 391 Md. 289, 893 A.2d 1018 (2006), the circuit court received conflicting evidence on the issue of whether the petitioner should be sentenced to death. In *Kang v. State,* 393 Md. 97, 899 A.2d 843 (2006), the circuit court received conflicting evidence on the issue of whether (1) the petitioner attempted to murder his wife by hanging her, or (2) the petitioner's wife had attempted to commit suicide by hanging herself. *Id.* at 101, 899 A.2d 843. In *State v. Bell,* 351 Md. 709, 720 A.2d 311 (1998), the circuit court was presented with conflicting evidence of whether the respondent raped a woman with whom he had once been romantically involved. In *Tibbs v. State,* 323 Md. 28, 590 A.2d 550 (1991), the petitioner contested the issue of whether he had committed four violations of the Maryland Controlled Dangerous Substances Act. In *Martinez v. State,* 309 Md. 124, 522 A.2d 950 (1987), the circuit court was required to evaluate the credibility of the nine year old victim of a third degree sex offense, as well as the credibility of the detective to whom the petitioner had allegedly confessed.

8. While lawyers and judges occasionally state that a "not guilty agreed statement of facts" is distinguishable from an "actual" trial, this Court has made it clear that "[a] defendant's agreement to proceed on an agreed statement of facts is essentially a trial by stipulation, at which generally no live witnesses are called." *Atkinson v. State,* 331 Md. 199, 203 n. 3, 627 A.2d 1019, 1021 n. 3 (1993).

required to advise the petitioner as to either the "unanimity" requirement or the jury selection process. Because the record does show that Petitioner had been a criminal defendant in a jury trial presided over by the very same circuit court judge who presided over the case at bar, Petitioner's jury trial experience distinguishes him from defendants who "may have some prior unspecified experience with the criminal justice system[.]" *Tibbs v. State*, 323 Md. 28, 32, 590 A.2d 550 (1991). Petitioner's knowledge of his jury trial right is hardly "unspecified." He was the criminal defendant in at least one case that was tried before a jury. While it is true that the "some knowledge" requirement includes an on-the-record showing that the defendant knows that (1) a criminal defendant is presumed to be innocent and cannot be convicted unless the trier of fact is persuaded beyond a reasonable doubt of the defendant's guilt, and (2) if the defendant did not waive a jury trial, his or her case would be tried by a jury of twelve persons, it is clear that the requirement was satisfied in the case at bar because it is unreasonable to hypothesize that Petitioner—having elected a jury trial when facing criminal charges on at last one prior occasion—does not know either the prosecution's burden of persuasion or the number of persons who would be on the jury.

**JUDGMENT OF THE COURT OF SPECIAL APPEALS AFFIRMED; PETITIONER TO PAY THE COSTS.**

BELL, C.J., BATTAGLIA and GREENE, JJ., Dissent.

BATTAGLIA, J., which BELL, C.J. and GREENE, J., join.

I respectfully dissent.

In the present case, Petitioner, Kevin Walker, was charged with possession of a forged document. He was convicted in a bench trial after proceeding on a not guilty agreed statement of facts. Walker noted an appeal to the Court of Special Appeals, arguing that the Circuit Court erred in failing to conduct an examination, on the record, as to whether his waiver of a jury trial was made knowingly and voluntarily, in compliance with the requirements of Maryland Rule 4–246(b),

which, prior to amendments taking effect on January 1, 2008, summarized the constitutional requirements as well as the procedure a circuit court must follow in accepting a waiver of a jury trial:

(a) *Generally.* In the circuit court a defendant having a right to trial by jury shall be tried by a jury unless the right is waived pursuant to section (b) of this Rule. If the waiver is accepted by the court, the State may no t elect a trial by jury.

(b) *Procedure for acceptance of waiver.* *A defendant may waive the right to a trial by jury at any time before the commencement of trial.* The court may not accept the waiver until it determines, after an examination of the defendant on the record in open court conducted by the court, the State's Attorney, the attorney for the defendant, or any combination thereof, that the waiver is made *knowingly* and voluntarily.

(emphasis added).

Presently at issue is whether a record colloquy between Walker, his counsel and the court satisfied the procedure for knowingly waiving a jury trial under Rule 4–246(b). The majority clearly agrees that an agreed statement of facts is a trial, *see* Slip Op. at 17 n. 8, and because a trial is involved, the judge must comply with the dictates of Rule 4–246(b). Accordingly, Walker was entitled to engage in the appropriate colloquy. The only colloquy Walker engaged in concerning whether his waiver was made knowingly, was the following:

[COUNSEL FOR WALKER]: Okay. Now, do you understand that when you proceed in this way you are giving up or waiving your right to trial? Do you understand that?

[WALKER]: *No, I didn't*—

[COUNSEL FOR WALKER]: Do you understand that there will be no trial in this situation?

[WALKER]: Okay, yes.

[COUNSEL FOR WALKER]: Okay. And do you understand that in proceeding in this way you are essentially proceeding and then and in the end it will act as a conviction

on the one count of possession of a privileged document? Do you understand that?

[WALKER]: Yes.

[COUNSEL FOR WALKER]: Okay. Your Honor.

[THE COURT]: All right, and, Mr. Walker, you understand also that you are waiving any right to have a jury trial of this matter, as well as a court trial? Do you understand that?

[WALKER]: I do now. I didn't at first. I didn't know it was a waiver. I knew it was an appealable right, you know—

[THE COURT]: Yes, you have the—

[WALKER]:—saving the appeal. So—

[THE COURT]:—you [have] the right to appeal, but as you know because you and I have been down this road—

[WALKER]:—oh, yes, yes.

[THE COURT]:—you and I have been down this road before and I think we have had at least one jury trial, maybe two. One time you got a hung jury and the other time, I think—well, I don't know, I can't recall everything. But you fully understand about jury trials and—

[WALKER]: Yes.

[THE COURT]:—all that.

[WALKER]: Yeah, I—

[THE COURT]: By proceeding as you are doing here today, you are waiving your right to have a jury trial.

[WALKER]: All right. (Emphasis added).

Asking Walker if he understood that he is waiving his right to trial and affirming that he "understands about jury trials and [all that]" was not the appropriate colloquy because the language is devoid of any information concerning the nature of a jury trial; unlike the defendants in cases where we have found a knowing waiver, Walker was not informed of *any* of the characteristics of a jury trial. *See Kang v. State,* 393 Md. 97, 111–12, 899 A.2d 843, 851–52 (2006); *Abeokuto v. State,* 391 Md. 289, 320, 893 A.2d 1018, 1036 (2006); *State v. Bell,* 351

Md. 709, 726–27, 720 A.2d 311, 319–20 (1998); *State v. Hall,* 321 Md. 178, 183, 582 A.2d 507, 509–10 (1990). While courts need not engage in a "fixed litany," *Abeokuto,* 391 Md. at 320, 893 A.2d at 1036, Walker received absolutely no information regarding the nature of a jury trial.

Walker's colloquy instead parallels the colloquy provided in *Tibbs v. State,* 323 Md. 28, 590 A.2d 550 (1991). Walker's counsel asked him if he understood that he was waiving his right to a jury trial' and he responded that he did *not* understand:

> [COUNSEL FOR WALKER]: Okay. Now, do you understand that when you proceed in this way you are giving up or waiving your right to trial? Do you understand that?
>
> [WALKER]: No, I didn't—

The judge proceeded to ask Walker if he understood that he was waiving his right to trial to which he responded, "I do now. I didn't at first. I didn't know it was a waiver. I knew it was an appealable right, you know. . . ." Subsequently, the judge stated that Walker "understand[s] about jury trials and [all that]," to which Walker then responded affirmatively. This encounter is similar to the "naked inquiry" to which Tibbs affirmatively responded but that we nonetheless found "woefully deficient." *See id.* at 31–32, 590 A.2d at 551. Just like Tibbs, Walker's record reflects the lack of "any information at all concerning the nature of a jury trial." *Id.* at 31, 590 A.2d at 551. His waiver may be more deficient because Walker at first stated on the record that he did not understand he was waiving his right to a jury trial. Therefore, under the definition of "knowingly" set forth in *Bell,* he cannot be said to have been "acting consciously or intentionally in waiving the right to a jury." *See* 351 Md. at 730, 720 A.2d at 321.

In the absence of meaningful litany, the majority distinguishes this case from *Tibbs,* by stating that the trial judge's personal knowledge of Walker's experience with the criminal justice system established that Walker had the requisite knowledge of jury trials before waiving the right:

[THE COURT]:—you [have] the right to appeal, but as you know because you and I have been down this road— [WALKER]:—oh, yes, yes.

[THE COURT]:—you and I have been down this road before and I think we have had at least one jury trial, maybe two. One time you got a hung jury and the other time, I think—well, I don't know, I can't recall everything. But you fully understand about jury trials and—

[WALKER]: Yes.

[THE COURT]:—all that.

In *Tibbs*, however, we discounted the fact that Tibbs was "no novice to the legal system because he was on parole at the time of his arrest for the instant offenses," and stated,

notwithstanding that Tibbs may have had some prior unspecified experience with the criminal justice system, the trial judge could not fairly be satisfied on this record that Tibbs had the requisite knowledge of the nature of the jury trial right, that his waiver of the right was knowing and voluntary, and that the requirements of the rule were thus met. We conclude, therefore, that constitutional due process requirements were transgressed in this case.

323 Md. at 31–32, 590 A.2d at 551–52. In *Tibbs*, we were clear in our holding that unspecified criminal justice experience is not enough to establish a knowing waiver. A number of other jurisdictions agree with this stance. *See also State v. Baker*, 217 Ariz. 118, 170 P.3d 727, 730 (2007) (finding that a valid jury trial waiver cannot be "accomplished by reliance upon a defendant's prior experience in the system"); *People v. Campbell*, 76 Cal.App.4th 305, 310, 90 Cal.Rptr.2d 315 (Cal.Ct.App. 1999) ("The Attorney General instead contends we should infer from [defendant's] experience and familiarity with the criminal justice system that he intelligently and voluntarily waived his rights. We decline to do so. If this experience were sufficient to constitute a voluntary and intelligent waiver of constitutional rights, courts would rarely be required to give *Boykin/Tahl* admonitions."). *But see State v. Ross*, 472 N.W.2d 651, 654 (Minn.1991) (concluding there was support

for a valid waiver based on defendant's familiarity with the criminal justice system although it was not clear whether his past convictions were by plea or trial).[1]

The majority, nevertheless, distinguishes *Tibbs* by arguing that, although the trial court in that case was faced with prior unspecified experience with the criminal justice system, the trial court here had personal knowledge of Walker's past experience with jury trials. The trial judge's knowledge, while personal, was unspecified: "I think we have had at least one jury trial, maybe two. One time you got a hung jury and the other time, I think—well, I don't know, I can't recall everything." To accept the majority's reasoning would require **concluding** that such unspecified knowledge can be imputed to the defendant to support a knowing waiver of a jury trial. Nothing on the record confirms Walker did have jury trial experience and, if so, when such trials occurred. The record is absent of any discussion specifically establishing the extent, if any, of Walker's jury trial experience. We therefore, should not assume that the judge's assertion of Walker's unspecified experience with the criminal justice sys-

---

1. Other jurisdictions have looked to a defendant's specific experience with the criminal justice system to determine whether it is sufficient to support a knowing waiver. *See Hill v. Beyer,* 62 F.3d 474, 485 (3d Cir.1995) (declaring that while past experience with the criminal justice system could demonstrate an awareness of constitutional rights, the facts were insufficient to support a knowing waiver when defendant's criminal record consisted of only one conviction for which he pled guilty); *Hensley v. United States,* 281 F.2d 605, 608–09 & n. 6 (D.C.Cir. 1960) (finding experience with two prior jury trials in which defendant was acquitted as a factor to consider in determining whether there was a knowing waiver); *People v. Turner,* 375 Ill.App.3d 1101, 1110, 314 Ill.Dec. 665, 674, 875 N.E.2d 175, 184 (2007) (finding that, although not necessary to the decision, defendant's two, prior criminal convictions and six prior traffic convictions lent additional support to the validity of defendant's waiver); Justice Lytton, concurring opinion, *id.* at 1111, 314 Ill.Dec. at 675, 875 N.E.2d at 185 (stating that "reference to defendant's supposed knowledge of the criminal justice system" should be omitted because "[d]efendant's 'familiarity' with the criminal justice system was a ten-year-old felony, a ten-year-old misdemeanor, and a smattering of traffic tickets handed out over a period of 23 years," which "[t]aken together ... give the defendant little basis for knowing the nature and import of a jury waiver"), *appeal denied,* 226 Ill.2d 606, 316 Ill.Dec. 550, 879 N.E.2d 938 (2007).

tem equates with Walker's actual knowledge of the nature of jury trials.

The majority also incorrectly assumes that representation by counsel and counsel's decisions to 1) elect a jury trial; 2) negotiate an agreement regarding sentence; and 3) proceed on an agreed statement of facts impute knowledge to the defendant. It cannot, however, be assumed that the significance of such decisions are adequately communicated to a defendant by counsel or that, if explained, the defendant in fact understands the significance of such decisions; in fact, the record reflects Walker did not understand. Hence, Rule 4–246(b) explicitly requires that a waiver examination be "on the record in open court." We have recently noted that the presence of counsel "will not mitigate an inaccurate or incomplete court instruction" when considering whether the waiver of a jury sentencing right was knowing and voluntary. *Abeokuto,* 391 Md. at 348 n. 21, 893 A.2d at 1052 n. 21. Therefore, neither the presence of counsel nor decisions made by counsel in the present case can overcome the requirement of Rule 4–246(b) that Walker's waiver examination be "on the record in open court."

Walker was not informed on the record of the nature of a jury trial and the combination of his affirmative response to the judge's "naked inquiry" as to whether he "fully underst[ood] about jury trials and [all that]," the judge's assertion of past trial experience with Walker, and any information that counsel could have, but may not have, provided him, when considered under the totality of the circumstances, fail to amount to a knowing waiver. The precedent set by the majority's opinion undermines the requirements of Maryland Rule 4–246(b).

I respectfully dissent.

Chief Judge BELL and Judge GREENE authorize me to state that they join in this dissenting opinion.