66 A.3d 661

Jeffrey Robert VALONIS

v.

STATE of Maryland.

Anthony TYLER

v.

State of Maryland.

Nos. 46 and 52, Sept. Term, 2012.

Court of Appeals of Maryland.

May 20, 2013.

552

David P. Kennedy, Assistant Public Defender, (Paul B. DeWolfe, Public Defender, Baltimore, MD), on brief, for Petitioner.

Jeremy M. McCoy, Assistant Attorney General, Jessica V. Carter, Assistant Attorney General, (Douglas F. Gansler, Attorney General of Maryland, Baltimore, MD), on brief, for Respondent.

Argued before BELL, C.J., HARRELL, BATTAGLIA, GREENE, ADKINS, BARBERA and McDONALD, JJ.

GREENE, J.

In this opinion we must address whether the amendment to Rule 4–246(b) which added the language "the court determines and announces on the record" and requires a trial judge to make an explicit finding of jury trial waiver on the record is subject to strict compliance; and whether failure to make such a factual determination is reversible error. Also we must determine whether the defendant's failure to object during the proceedings to the trial judge's failure to comply strictly with Rule 4–246(b) constitutes a waiver or, whether a trial judge's failure to strictly comply with Rule 4–246(b) is harmless error. The two criminal cases before us involve Jeffrey Robert

Valonis, convicted of robbery and related criminal charges in a bench trial in Carroll County and Anthony Tyler, convicted of burglary and malicious destruction of property in a bench trial in Baltimore County. We have consolidated the two criminal cases for purposes of this opinion.[1]

## I.

## A.

### Jeffrey Robert Valonis

Valonis was represented by counsel at his trial in the Circuit Court for Carroll County. At the conclusion of a bench trial he was convicted of robbery, second-degree assault, and theft of property worth less than $1,000.00 and sentenced to a term of incarceration of ten years, with all but six years suspended, and subject to a five-year term of supervised probation. Prior to commencement of trial the following exchange occurred:

[DEFENSE COUNSEL]: Good afternoon, Your Honor. . . . This is a plea of not guilty. Shall I advise?

THE COURT: Please do.

[DEFENSE COUNSEL]: Mr. Valonis, you are electing to have a trial in front of [His] Honor instead of a jury trial. Okay, a jury consists of 12 citizens selected at random from the voter and motor vehicle polls of Carroll County. In a jury trial, all 12 jurors would have to agree on a verdict of guilty or not guilty.

The standard used by the jury is the same standard [His] Honor would use, which is beyond a reasonable doubt, okay?

It is my understanding you are waiving your right to a jury trial and have [His] Honor hear the case today?

[THE DEFENDANT]: Yes.

---

1. We granted separately petitions for certiorari in *Valonis v. State,* 427 Md. 606, 50 A.3d 606 (2012) and *Tyler v. State,* 427 Md. 606, 50 A.3d 606 (2012). Each case was argued separately before this Court. Because of the common issue of law in each case, we have consolidated our decisions in a single opinion.

THE COURT: All right. We will note the waiver of the right to trial by jury. He pleads not guilty. Anything preliminarily?

The trial judge accepted defense counsel's comments and Valonis's response, "Yes" as a valid waiver of Valonis's right to a trial by jury. At the conclusion of the bench trial, the court found Valonis guilty of all charges and imposed a sentence. Valonis noted a timely appeal to the Court of Special Appeals.

The Court of Special Appeals, in an unreported opinion, held that "the record supports a finding that [Valonis's] waiver of his right to a jury trial was knowing and voluntary." In addition, the intermediate appellate court held that the issue was preserved even though Valonis did not object in a timely manner to the sufficiency of the trial judge's acceptance of the jury trial waiver. The court reasoned that "there is no indication on the record in this case that [Valonis] recognized error and failed to lodge a timely objection for strategic purposes." Moreover, our colleagues on the Court of Special Appeals concluded that "it would be somewhat perverse to penalize [Valonis] for failing to alert the court to error in a procedure whose whole purpose was for the court to ensure that [Valonis] understood what was going on." As to the merits of Valonis's claim that the trial judge did not strictly comply with Rule 4–246(b) in failing to announce on the record that Valonis's waiver was knowing and voluntary, the court held that the trial judge's statement—"We will note the waiver of the right to trial by jury[ ]"—satisfies the requirement of Rule 4–246(b) that a "court determine[ ] and announce[ ] on the record that the waiver is made knowingly and voluntarily." According to the intermediate appellate court, the trial judge "did take cognizance of [Valonis's] waiver[,]" and because the judge stated, "We will note the waiver of the right to trial by jury," the court concluded that the trial judge found that Valonis knowingly waived his right to a jury trial. As to the voluntariness prong, the court held that Valonis did not allege "a triggering fact or information which suggests [he] was coerced or induced to waive his rights[,]" or "that the absence of a voluntariness inquiry at his trial was error." Thus, the

intermediate appellate court held, in consideration of our holding in *Abeokuto v. State,* 391 Md. 289, 320–21, 893 A.2d 1018, 1036 (2006), Valonis's waiver was knowing and voluntary. In addition the court pointed out that Valonis's constitutional rights were not impaired, the trial judge is not "obliged to spell out in words every thought and step of logic[,]" and the trial judge, in the present case, knew and is presumed to know "that waivers of a jury trial must be made knowingly and voluntarily, and there is an affirmative indication on the record that the court recognized and accepted the waiver here."

## B.

### Anthony Tyler

Anthony Tyler was charged in the Circuit Court for Baltimore County with burglary, in varying degrees, attempted theft and malicious destruction of property. He was convicted after a bench trial of burglary and malicious destruction of property. Tyler was sentenced to a term of incarceration for ten years for the crime of burglary in the first-degree. The remaining convictions were merged.

Initially, Tyler and his attorney appeared in court to proceed with a trial by jury. Prior to trial, however, apparently, Tyler expressed an interest in foregoing the jury trial and proceeding with a bench trial. Before the Circuit Court, the following exchange occurred:

[DEFENSE COUNSEL]: Initially, Mr. Tyler in Judge Finifter's courtroom made election for Jury trial. At this point Mr. Tyler wishes to waive Jury trial and proceed with this matter before Your Honor with a Court trial.

THE COURT: Would you talk to Mr. Tyler about that on the record?

[DEFENSE COUNSEL]: Mr. Tyler, I have indicated just now to Judge Cahill that you are wishing to waive the right to a Jury trial. I explained to you previously a Jury is 12 people picked from a larger pool of candidates from the motor/voter registration rolls of Baltimore County. By

proceeding in this manner, you give up the right to have jurors decide this case unanimously, meaning all 12 would have to agree on a verdict, and give up the right to have those jurors hear the case. The State has to prove beyond a reasonable doubt that you are guilty of any crime.

You asked a couple [of] times this morning what my thoughts were of a Court and Jury trial. I gave you my counsel ... on how I thought you should proceed. By no means does that mean that I'm telling you what to do. This is your choice. No one can decide this for you. This is a decision you have to make on your own; you understand that?

THE DEFENDANT: Yes, sir.

[DEFENSE COUNSEL]: It's my understanding after talking with me, consulting with me, asking me pertinent questions, it's your desire to have Judge Cahill be the sole trier of facts and law in this case, is that correct?

THE DEFENDANT: Yes, sir.

THE COURT: Couple additional things about a Jury trial. If you were to ask for a Jury trial, we would get jurors up here and start picking forthwith. The critical part about a Jury trial is that the State has to prove its case to the unanimous satisfaction of all 12 jurors. If even one person doesn't agree the State has made their case, that Jury can't find you guilty beyond a reasonable doubt. Ultimately, if there is not unanimous concurrence amongst the jurors, a mistrial is declared and the State has a right to come back and retry you another time. You understand that?

THE DEFENDANT: Yes, sir.

THE COURT: Moreover, if you were to elect a Jury trial, that wouldn't change the fact that you have a right not to testify and to remain silent during the course of the trial. If we had a Jury trial and you decided you wanted to maintain your silence, then I would instruct that jury upon request of Mr. Parvizian [defense counsel] that they were not allowed to consider your invoking your Fifth Amend-

ment right as any evidence or indication of guilt. Do you understand all that?

THE DEFENDANT: Yes, sir.

THE COURT: Do you wish to have, to elect a bench trial? Yes? THE

DEFENDANT: Yes, sir.

THE COURT: Okay. All right. You may have a seat. Ready to start?

Following this exchange, the case proceeded as a bench trial. At the conclusion of the trial, the court found Tyler guilty and imposed a sentence. He noted a timely appeal to the Court of Special Appeals.

The intermediate appellate court, in an unreported opinion, held that Tyler waived his claim that Rule 4–246(b) was violated because he "never complained about the court's failure to find on the record that the waiver was knowing and voluntary." In addition, the court held alternatively, assuming the trial judge erred by failing to place on the record an explicit determination that the waiver was knowing and voluntary, under the circumstances, the error was harmless "because the record evidences that [Tyler's] jury waiver was knowingly and voluntarily made."

We granted both Tyler and Valonis's Petition for Writ of Certiorari to determine: (1) whether the Court of Special Appeals correctly concluded that Tyler and Valonis validly waived their right to a jury trial where the trial judge did not make an explicit determination on the record that the waiver was knowing and voluntary; (2) whether their failure to timely raise an objection to a violation of Rule 4–246(b) is sufficient to waive the affirmative obligation contained in Rule 4–246(b); and (3) whether a technical violation of Rule 4–246(b) amounts to harmless error.[2]

---

**2.** We restated and re-ordered Petitioners' questions for the sake of brevity and clarity. Tyler's petition asks:

Must Tyler's jury trial waiver and subsequent conviction in a bench trial be set aside because the trial judge failed to determine and

## II.

■ Petitioners argue in both cases that the trial judges failed to comply with the express requirements of Rule 4–246(b), which, in a jury waiver proceeding, requires a trial judge to determine and announce on the record that a defendant's waiver of a jury trial was knowing and voluntary. Petitioners argue that in amending Rule 4–246(b), the Court of Appeals decided that it was no longer enough to rely on a presumption, rather, the record would have to affirmatively show that the trial judge thought about, determined, and announced openly on the record whether the defendant's waiver was knowing and voluntary to establish that the waiver was in fact knowing and voluntary, and therefore valid. Petitioners stress that the issue in this case is of substantial importance because it involves protection of a key constitutional right and that because the Rule was intended to protect defendants by imposing an affirmative requirement on trial judges, waiver through a failure to object should not be the default rule. Finally, Tyler argues that if the errors by the trial judge in failing to follow the provisions of 4–246(b) are deemed harmless, then the change to the Rule would have been rendered "completely toothless," likely because trial judges would never need to make the express determination prescribed by the Rule.

---

announce on the record that Tyler was knowingly and voluntarily waiving his right to a jury trial, as expressly required by Md. Rule 4–246?

Valonis's petition poses:

Did the trial court err in proceeding with a bench trial where there was no compliance with the express requirement of Rule 4–246(b) that before accepting a waiver of jury trial the trial court determine and announce on the record that the waiver was knowing and voluntary, and where all the trial court said was "We will note the waiver of the right to trial by jury"?

The State's conditional cross-petition in the Valonis case asks:

If the trial court's statement did not satisfy the requirements of Rule 4–246(b), did Valonis waive his claim about the trial court's announcement by failing to object and, if not waived, was the error harmless?

The State, in response, argues that this Court should examine the totality of the circumstances of the trial record to determine whether there was a valid knowing and voluntary jury trial waiver, rather than looking to see if the trial judge announced on the record that the waiver was proper. The State, additionally, asserts that any error was procedural or technical and by failing to object at trial, Petitioners did not preserve the issues for appeal. The State contends that to conclude otherwise would allow criminal defendants to fail to object, denying the trial judge an opportunity to correct the error, in order to obtain the unfair tactical advantage of trying the case and knowing that if it ends in conviction, there remains a viable challenge on appeal to the court's lack of a determination and announcement. Finally, the State argues that even if the trial judge committed error, the error should be subject to harmless error analysis and, in these cases, we should conclude the error was harmless. The State maintains that this is so because the Rule is intended to facilitate appellate courts in determining whether the trial judge made a determination that a jury trial waiver was knowing and voluntary and, in these cases, the records indicate such determinations by the trial judges.

A criminal defendant's right to a jury trial is a fundamental right under both the United States and Maryland Constitutions. *See* U.S. Const. amend. VI, XIV § 1; Md. Decl. of Rts. Art. 5, 21, 24; *see also Duncan v. Louisiana,* 391 U.S. 145, 154, 88 S.Ct. 1444, 1450, 20 L.Ed.2d 491, 498–99 (1968). In Maryland, a defendant's right to waive a trial by jury may be exercised only by the defendant. *Smith v. State,* 375 Md. 365, 379, 825 A.2d 1055, 1063 (2003). Such a waiver is valid and effective only if made on the record in open court and if the trial judge determines, after an examination of the defendant on the record and in open court, that it was made "knowingly and voluntarily." Maryland Rule 4–246(b); *Smith,* 375 Md. at 378–81, 825 A.2d at 1063–64; *State v. Bell,* 351 Md. 709, 716–17, 720 A.2d 311, 314–15 (1998); *Tibbs v. State,* 323 Md. 28, 29–32, 590 A.2d 550, 550–52 (1991); *Martinez v. State,* 309 Md. 124, 131–34, 522 A.2d 950, 953–55

(1987). This factual determination is circumstance-specific and has two equally important components: the waiver must be both "knowing" and "voluntary." *Tibbs*, 323 Md. at 31, 590 A.2d at 551; *State v. Hall*, 321 Md. 178, 182–83, 582 A.2d 507, 509 (1990); *Stewart v. State*, 319 Md. 81, 90, 570 A.2d 1229, 1233–34 (1990); *Martinez*, 309 Md. at 133–34, 522 A.2d at 955.

 Md. Rule 4–246 [3] was adopted by the Court of Appeals in 1984 (patterned after revised Rule 735). *Hall*, 321 Md. at 182, 582 A.2d at 509. Rule 4–246 sets the procedural standard for the waiver of a jury trial in a criminal case. *Boulden v. State*, 414 Md. 284, 294, 995 A.2d 268, 274 (2010). The Rule is designed to ensure that a criminal defendant who "expresses a desire to be tried by the court be afforded an opportunity to waive his right to a jury trial. That opportunity is afforded when the nature of a jury trial is explained to him [or her] along with some explanation of the nature of a court trial and/or the distinction between the two modes of trial." *Thomas v. State*, 89 Md.App. 439, 446, 598 A.2d 789, 792 (1991). This Court and the Court of Special Appeals have said that compliance with the Rule is determined based on the "facts and circumstances of each case." *Hall*, 321 Md. at 182, 582 A.2d at 509 (citations omitted), and the "totality of the circumstances as reflected by the entire record." *Robinson v. State*, 67 Md.App. 445, 455, 508 A.2d 159, 164 (1986) (citations

---

3. Rule 4–246 currently provides: **Waiver of jury trial—Circuit court.**

(a) **Generally.** In the circuit court, a defendant having a right to trial by jury shall be tried by a jury unless the right is waived pursuant to section (b) of this Rule. The State does not have the right to elect a trial by jury.

(b) **Procedure for acceptance of waiver.** A defendant may waive the right to a trial by jury at any time before the commencement of trial. The court may not accept the waiver until, after an examination of the defendant on the record in open court conducted by the court, the State's Attorney, the attorney for the defendant, or any combination thereof, the court determines and announces on the record that the waiver is made knowingly and voluntarily.

(c) **Withdrawal of a waiver.** After accepting a waiver of jury trial, the court may permit the defendant to withdraw the waiver only on motion made before trial and for good cause shown. In determining whether to allow a withdrawal of the waiver, the court may consider the extent, if any, to which trial would be delayed by the withdrawal.

and quotations omitted). The intermediate appellate court has also noted that Rule 4-246 "was intended to incorporate the constitutional due process standard for waiver of a fundamental right but no more." *See Robinson*, 67 Md.App. at 454, 508 A.2d at 163 (citations omitted). We observed in *Martinez*, 309 Md. at 133, 522 A.2d at 955, that "[f]or a waiver to be valid, the court must be satisfied that the defendant's election was made knowledgeably and voluntarily." In other words, the waiver must have been "an intentional relinquishment or abandonment of a known right or privilege." *See Johnson v. Zerbst*, 304 U.S. 458, 464, 58 S.Ct. 1019, 1023, 82 L.Ed. 1461, 1466 (1938). In addition, the trial court, under Rule 4-246, must "satisfy itself that the waiver is not a product of duress or coercion and further that the defendant has some knowledge of the jury trial right before being allowed to waive it." *Hall*, 321 Md. at 182-83, 582 A.2d at 509 (citations omitted); *see also Brady v. United States*, 397 U.S. 742, 748, 90 S.Ct. 1463, 1469, 25 L.Ed.2d 747, 756 (1970).

By adopting the recommendation of the Rules Committee to amend Rule 4-246(b), by Order of this Court dated December 4, 2007, effective January 1, 2008, we deleted the words "it determines" and added to the Rule the phrase "the court determines and announces on the record" and further added Committee and Cross reference notes. By adding the phrase, "the court determines and announces on the record," the Court clearly directed circuit court judges to make an explicit determination of a defendant's knowing and voluntary waiver, or lack thereof, on the record.

We noted in *Walker v. State*, 406 Md. 369, 377 n. 1, 958 A.2d 915, 919 n. 1 (2008) that "[t]he Rule change was in response to *Powell v. State*, 394 Md. 632, 907 A.2d 242 (2006), *cert. denied*, 549 U.S. 1222, 127 S.Ct. 1283, 167 L.Ed.2d 103 (2007)[.]" In *Powell*, the Court held that the version of Rule 4-246(b), in existence at the time of the trials of the defendants, Powell and Zylanz, did not compel that the trial judge state explicitly on the record that he or she found the jury trial waiver to be knowing and voluntary. *Powell*, 394 Md. at 641, 907 A.2d at 247. In *Powell*, the Court reasoned that although the plain

language of the Rule mandates that the examination of the defendant be conducted on the record, its language does not compel that the trial judge state explicitly his or her determination that the waiver was knowingly and voluntarily made. *Powell*, 394 Md. at 641, 907 A.2d at 247. Two years later, in *Walker*, however, we acknowledged that the changes we made to Rule 4–246(b) were substantive and confirmed that "[t]rial judges are now required to determine[ ] and announce[ ] on the record that the waiver is made knowingly and voluntarily." *Walker*, 406 Md. at 377 n. 1, 958 A.2d at 919 n. 1 (quotations omitted). We acknowledged that appellate courts should look to the totality of the circumstances to determine whether the waiver was valid. *See Walker*, 406 Md. at 378–80, 958 A.2d at 920–21; *see also Boulden*, 414 Md. at 296, 995 A.2d at 275.

Rule 4–246(b), which sets forth the standard for waiver of a jury trial, could not be clearer. The Rule "means what it says." *Countess v. State*, 286 Md. 444, 463, 408 A.2d 1302, 1311 (1979) (analyzing Rule 735, the precursor to Rule 4–246); *Boulden*, 414 Md. at 315, 995 A.2d at 286 (Bell, C.J., dissenting). Subsection (b) requires the circuit court judge to make an express determination on the record that the defendant acted knowingly and voluntarily. In other words, the judge is required to announce his or her finding as to the knowing and voluntary waiver on the record. Because the waiver of a jury trial is personal, the requirement of an on-the-record determination by the trial judge provides further safeguards to ensure that the decision is in actuality the defendant's own knowing, voluntary, and personal choice. Furthermore, because the decision to waive the jury trial is personal, the trial judge, who is able to observe the defendant's demeanor, is in the best position to assess that the defendant knew what he or she was doing and was doing it voluntarily.

In *Walker*, analyzed under the former version of Rule 4–246(b), we relied strictly on the totality of the circumstances test to conclude that the Circuit Court had an adequate basis to determine that Walker knowingly waived his right to a jury trial. *Walker*, 406 Md. at 382–83, 958 A.2d at 922–23. To reach this conclusion we distinguished the case of *Tibbs v.*

*State,* 323 Md. 28, 31–32, 590 A.2d 550, 551–52 (1991) from *Walker.* In the *Tibbs* case we held that Tibbs did not receive any information concerning the nature of a jury trial, and simply because Tibbs had certain "unspecified" experiences with the criminal justice system that fact was not adequate to support the determination that he made a knowing waiver of his right to a trial by jury. We said that by contrast, Walker requested a jury trial in the District Court, elected to enter a plea of not guilty and proceed on a not guilty statement of facts, and stated in open court that he understood that he was waiving his right to a jury trial. *Walker,* 406 Md. at 382–83, 958 A.2d at 922–23. In relying on these circumstances, among others, this Court determined that the defendant's knowledge of the right to a jury trial did not need to be "complete" or "entire." *Walker,* 406 Md. at 379, 382–83, 958 A.2d at 921, 922–23. The Court pointed out that Walker's experiences with the criminal justice system were not "unspecified" because he had a prior jury trial which was held before the same presiding judge and Walker, therefore, had some knowledge of his right to a jury trial. *Walker,* 406 Md. at 382–83, 385, 958 A.2d at 922–23, 924.

Our concern here is that by merely continuing to apply the totality of the circumstances test, we fail to enforce the specific requirements of the amended Rule 4–246(b), which explicitly requires the court to "determine[ ] and announce[ ] on the record that the waiver is made knowingly and voluntarily." Md. Rule 4–246(b). Our Rules are precise rubrics. *State v. Camper,* 415 Md. 44, 55, 998 A.2d 352, 358 (2010); *Johnson v. State,* 355 Md. 420, 447, 735 A.2d 1003, 1018 (1999); *Parren v. State,* 309 Md. 260, 280, 523 A.2d 597, 606 (1987). To continue to adhere to the totality of the circumstances test, to the exclusion of the dictates of Rule 4–246(b), in a situation where there is a clear violation of the Rule, does not strengthen the Rule, instead it would further weaken it. Under the totality of the circumstances test, a trial court's failure to follow the dictates of the Rule should not be treated as no more than a technicality. Rather, the Rule must be complied with to validly waive the right to trial by jury. The court in

*U.S. v. Saadya*, 750 F.2d 1419, 1420–21 (9th Cir.1985) (citations omitted) noted:

> While a constitutional guarantee may ordinarily be waived, to argue as the government does here that a failure to waive constitutes a technicality is to denigrate the very existence of the constitutional right at issue. If the failure to waive is only a technicality, the constitutional right can be denied without the defendant's consent. In such a case, the right no longer has any meaning.

The issue of whether the trial court followed procedure is not secondary, it is our primary focus on appellate review. We amended Rule 4–246(b) to require the circuit court to announce its factual determination on the record. Compliance with Rule 4–246(b) ensures that an explicit determination is made and enhances our review of what actually transpired in the trial court. In turn, the reviewing process will become more streamlined and efficient. To be certain, on appellate review, an appellate court may search the record for the trial judge's determination as to defendant's waiver and then analyze the evidence on the record to ensure that the determination of waiver was not clearly erroneous. Moreover, we note that enforcing compliance with the Rule as it is written will likely curtail the growing number of appeals in this area given the clarity or lack thereof with regard to the trial judge's determination and announcement on the record. The failure of the trial judge to comply with the Rule and to make such a determination during a jury trial waiver proceeding, therefore, not only violates the Rule, but it also, ultimately, undermines the appellate process.

In the case of a jury trial waiver, Rule 4–246 places the onus on the trial court to ensure that the defendant has elected a court or jury trial, and if the former, whether he or she has done so voluntarily and knowingly. *See Abeokuto*, 391 Md. at 317, 893 A.2d at 1034 (citing *Martinez*, 309 Md. at 133 n. 9, 522 A.2d at 954 n. 9) (acknowledging that it is the trial court that "bears the ultimate responsibility for ensuring that the accused has tendered a valid waiver"). Chief Judge Bell explained further in *Boulden*, 414 Md. at 328, 995 A.2d at 294

(Bell, C.J., dissenting), that "[t]he major actor ... is the trial judge and not the criminal defendant. The defendant is the recipient of the benefit that the Rule is intended to confer. There is no burden on the defendant in that regard."

In this opinion we seek not to undermine the requirements of Rule 4–246. Rule 4–246, not unlike Rule 4–215, is a precise rubric. *See Camper,* 415 Md. at 55, 998 A.2d at 358 (citing *Parren,* 309 Md. at 280, 523 A.2d at 606). Rule 4–246(a) provides that " ... a defendant having a right to trial by jury *shall* be tried by a jury unless the right is waived pursuant to section [4–246(b)—"Procedure for acceptance of waiver"] ... ." (emphasis added). Rule 4–246(b) sets forth the procedure for the valid acceptance of a defendant's waiver of a jury trial. Considering the Rule as a whole, not unlike Rule 4–215, compliance with the requirements of Rule 4–246 is mandatory. *See, e.g., Brye v. State,* 410 Md. 623, 637, 980 A.2d 435, 443 (2009); *Knox v. State,* 404 Md. 76, 87, 945 A.2d 638, 645 (2008); *Broadwater v. State,* 401 Md. 175, 182, 931 A.2d 1098, 1102 (2007); *Richardson v. State,* 381 Md. 348, 369, 849 A.2d 487, 499 (2004); *Johnson,* 355 Md. at 452, 735 A.2d at 1020; *Moten v. State,* 339 Md. 407, 411–12, 663 A.2d 593, 595–96 (1995); *Parren,* 309 Md. at 280–82, 523 A.2d at 606–08.

Furthermore, Rule 4–246(b) provides specifically that 1) a defendant may waive the right to trial by jury at any time before the commencement of trial; 2) the *court* may not accept the waiver until after the examination of the defendant on the record in open court; 3) either the *court,* State's Attorney, or the attorney for the defendant or combination thereof may conduct the examination on the record; and 4) the *court* determines and announces on the record that the waiver is made knowingly and voluntarily.

The Rule dictates that there must be an examination of the defendant on the record in open court. The Committee note following Rule 4–246 advises that the record must demonstrate an intentional relinquishment of a known right. And, the note advises that the questions to be asked will depend upon the facts and circumstances of the particular case. The

Committee note also suggests very specific provisions or questions that should be discussed in order for the court to ensure that the defendant's waiver is knowing. Further, the Committee note suggests that the court consider the defendant's responses to specific questions in determining whether the defendant's waiver is voluntary. While courts need not engage in a "fixed litany," *Abeokuto,* 391 Md. at 320, 893 A.2d at 1036, the record must show that the defendant has some information regarding the nature of a jury trial. By discussing the applicable provisions, and recording the defendant's responses to those statements, that is one practical way for the court to reasonably ensure that the defendant's waiver is knowing. Likewise, by considering the defendant's answers to the suggested questions pertaining to the voluntariness of the waiver, that too is one practical way for the court to be reasonably certain that the waiver was voluntary.

We note that with regard to the examination, the trial judge is required to do more than merely "go through the motions." *See Tibbs,* 323 Md. at 32, 590 A.2d at 551 (noting that "[i]t is not sufficient that an accused merely respond affirmatively to a naked inquiry ...."); *see also Patton v. U.S.,* 281 U.S. 276, 312–13, 50 S.Ct. 253, 263, 74 L.Ed. 854, 870 (1930), *overruled on other grounds by Williams v. Florida,* 399 U.S. 78, 90 S.Ct. 1893, 26 L.Ed.2d 446 (1970) (noting that "the duty of the trial court ... is not to be discharged as a mere matter of rote, but with sound and advised discretion, with an eye to avoid unreasonable or undue departures from that mode of trial or from any of the essential elements thereof ...."). He or she is not permitted to presume as a matter of fact a knowing and voluntary waiver. For certain, the first level fact-finding, subject to the clearly erroneous standard, is the duty of the trial judge to make a determination after an examination of the defendant, taking into consideration the judge's personal observations of the defendant and the defendant's responses to questions posed. Under our case law, the findings of our trial judges are not to be set aside unless clearly erroneous.

After the court determines that the waiver is knowing and voluntary, the court is required to announce that determination on the record. It is the responsibility of the trial judge to make a determination and to announce it on the record. In our view, when a circuit court judge adheres to the requirements of Rule 4–246(b), such compliance will aid our appellate review and should thereby reduce the number of appeals with regard to the issue of waiver of the right to trial by jury. Other jurisdictions have gone even further in affirmatively requiring that a trial judge "state his or her reasons for granting or denying the [waiver] request on the record." *See State v. Blann*, 429 N.J.Super. 220, 57 A.3d 1102, 1109 (Ct. App.Div.2013) (citations omitted). *Cf. Allison v. State*, 288 Ga.App. 482, 654 S.E.2d 628, 634 (2007) (noting that a judge cannot establish a valid waiver of a constitutional right to a trial by jury through mere conclusory statements). Such requirements are in place to ensure that the waiver procedure is not "discharged as a mere matter of rote," but, instead, is undertaken "with sound and advised discretion," to conclude that the defendant's waiver is or is not knowing and voluntary. *See Blann*, 57 A.3d at 1109 (citing *Patton*, 281 U.S. at 312, 50 S.Ct. at 263, 74 L.Ed. at 870).

Rule 4–246(b) is a rule of procedure governing the waiver of a fundamental constitutional right. Its provisions specifying that the defendant be examined on the record regarding his or her waiver of the right to a jury trial, and that the trial court make a determination and announcement with regard to whether the waiver was knowingly and voluntarily made are subject to strict compliance. Because the onus is on the trial court to announce its determination, it would be, as indicated by the Court of Special Appeals in the *Valonis* case, "perverse to penalize [the defendant] for failing to alert the court to [an] error in a procedure whose whole purpose was [and is] for the court to ensure that [the defendant] understood what was going on." As Judge Bell, now Chief Judge of this Court, writing for the Court of Special Appeals noted in *Bell v. State*, 66 Md.App. 294, 298, 503 A.2d 1351, 1353–54 (1986) (citations omitted) in his review of Maryland case law, the record should

affirmatively show compliance with the Rule's tenets, and "failure to object does not preclude appellate review." The waiver of the constitutional right to a trial by jury must "appear affirmatively in the record, and a failure of it to so appear is not grounds for dismissal of the appeal ... [i]ndeed, it is the very basis of the appeal." *Id.* (citations and quotations omitted). Moreover, because of the importance of this Rule in this case it is desirable that we opine on the matter "to guide the trial court or to avoid the expense and delay of another appeal." Md. Rule 8–131(a).

█ Accordingly, we conclude in the two cases before the court that the issue of waiver is preserved for appellate review notwithstanding the defendant's failure to object. Moreover, the trial judge's failure to announce its determination on the record is not a mere technicality and is not subject to harmless error analysis. In *Camper,* we explained that the court's "failure to comply strictly with [Rule 4–215—"Waiver of counsel"] constitutes reversible error" because "strict compliance with the requirements of the Rule protects the defendant's constitutional right to counsel and best serves the administration of justice." 415 Md. at 55, 58, 998 A.2d at 358, 360. We cited to *Parren v. State,* 309 Md. 260, 523 A.2d 597 (1987), which explained that the purpose of Rule 4–215 "is to protect that most important fundamental right to the effective assistance of counsel," and explained that the waiver provisions and mandatory language included in 4–215(a)(3) are in place to preserve that right. *Parren,* 309 Md. at 281–82, 523 A.2d at 607–08. We stated in *Parren,* 309 Md. at 282, 523 A.2d at 608:

In the light of all of this we would be reluctant indeed to conclude that noncompliance with such an essential part of our Waiver Rule be determined on an *ad hoc* basis. We think that to do so would erode Rule 4–215 and seriously encroach upon its purpose to protect the constitutional right to counsel. We believe that such a holding would enhance complexity rather than secure simplicity in procedure, tend to unfairness rather than fairness in administration, and, in the long run, promote rather than eliminate unjustifiable expense and delay.

We relied on this reasoning in *Moten,* 339 Md. at 412–13, 663 A.2d at 596, and again in *Camper,* 415 Md. at 58–59, 998 A.2d at 360, to hold that the trial court committed reversible error in failing to follow the express provisions of Rule 4–215. Likewise, we note the important constitutional protection of a defendant's right to a jury trial. *See* U.S. Const. amend. VI, XIV § 1; Md. Decl. of Rts. Art. 5, 21, 24; *see also Duncan,* 391 U.S. at 154, 88 S.Ct. at 1450, 20 L.Ed.2d at 498–99. Furthermore, the waiver provisions in place in Rule 4–246(b) are intended to ensure that the defendant's waiver to a jury trial is made knowingly and voluntarily. Strict compliance with the requirements of Rule 4–246(b) will ensure that there is an adequate examination of the defendant, such that the judge may determine and announce on the record that the defendant's waiver was knowing and voluntary. We conclude, therefore, that in the two criminal cases before this Court the trial judges committed reversible error in failing to comply with the determine and announce requirement of Rule 4–246(b) and thereby failed to demonstrate a valid waiver of Valonis's and Tyler's right to a trial by jury.

**JUDGMENT OF THE COURT OF SPECIAL APPEALS REVERSED. CASES REMANDED TO THAT COURT WITH DIRECTIONS TO REMAND TO THE RESPECTIVE TRIAL COURTS FOR A NEW TRIAL WITH COSTS.**

ADKINS and McDONALD, JJ., dissent.

Dissenting Opinion by McDONALD, J. which ADKINS, J., joins.

Trial by jury is an important right of defendants charged with serious crimes—a right that must be safeguarded by the courts. But there are often sound reasons that a defendant might prefer that his or her culpability be assessed by a judge rather than a lay jury. The rules of criminal procedure appropriately require a thorough inquiry by the trial court to ensure that a defendant who makes that choice waives the right to a jury trial knowingly and voluntarily. It is, of

course, helpful that a trial judge verbally document his or her finding, as Rule 4–246(b) requires. But it is the inquiry and the trial court's determination, not its documentation, that is key.

*The Pre–Trial Inquiries*

In each of the cases before us, the defendant stated on the record that he wanted a bench trial instead of a jury trial and, prior to trial, responded to a series of questions from his counsel, indicating on the record that he was aware of the difference between a jury trial and a bench trial.

In Mr. Tyler's case, defense counsel not only reviewed with him the nature of a jury and the requirement that the jurors all agree that the State had proven its case beyond a reasonable doubt in order to convict, but also emphasized that Mr. Tyler himself had to make the decision whether to proceed with a jury or bench trial. At one point, the trial judge intervened in the colloquy between Mr. Tyler and his counsel to make sure that Mr. Tyler was in fact fully aware of the choice he was making and had an understanding of his rights in a criminal trial. It is true that, at the conclusion of the relatively lengthy colloquy, the judge responded to Mr. Tyler's expressed desire to proceed with a bench trial with an "Okay," rather than a more explicit statement that the judge found the waiver to be knowing and voluntary. But no one reading the transcript could have any doubt that the trial judge was fully engaged in ensuring that Mr. Tyler was acting with full knowledge of what he was waiving and that the decision was Mr. Tyler's own.

In Mr. Valonis' case, the trial judge left the inquiry entirely to defense counsel, as Rule 4–246 permits. Mr. Valonis' counsel reviewed with him on the record the difference between a jury trial and bench trial and asked whether he wished to waive his right to a jury trial. After Mr. Valonis answered in the affirmative, the trial judge "note[d] the waiver" and the not guilty plea previously stated by Mr. Valonis' counsel and asked whether either side had any preliminary matters. Neither Mr. Valonis nor his counsel suggested any addition to the jury waiver inquiry.

In each case, defense counsel did not suggest that his client lacked the requisite knowledge and intent to elect a bench trial. In each case, neither the defendant nor his counsel raised any objection as to the adequacy of the inquiry into the jury waiver. Nor did either defendant or his counsel object when the trial judge proceeded with the bench trial that each had requested.

We cannot know, of course, whether either defendant's demeanor contradicted his statements that he understood the nature of a jury trial and wanted instead to be tried by a judge. But, as the majority opinion notes, the respective trial judges were in the "best position" to assess demeanor and decline to accept a waiver for that reason. Majority Op. at 563–64, 66 A.3d at 668.

*The Trials and Appeals*

Following Mr. Tyler's bench trial, he was convicted of burglary and malicious destruction of property. Following Mr. Valonis' bench trial, he was convicted of robbery, second degree assault, and theft.

Both of these defendants appealed their respective convictions on a single ground. To place the basis of their appeals in perspective, it is also worth noting what they do not argue.

Neither defendant contends that he did not knowingly and voluntarily ask for a bench trial in lieu of a jury trial. Neither defendant now contends that the substance of the inquiry as to his intention to waive a jury trial was inadequate.[1] Neither contends that the trial judge did not, in fact, find his waiver to be knowing and voluntary. Neither defendant argues that the ensuing trial was unfair. Neither defendant complains that his counsel was ineffective. Neither defendant complains of over-reaching by the police or prosecution.

---

1. In the Court of Special Appeals, Mr. Valonis argued that the pre-trial inquiry in his case should have included additional advisements, including the fact that he would be tried before a jury if he did not waive a jury trial. The Court of Special Appeals rejected his argument concerning the adequacy of the inquiry and he has not reiterated it in this Court.

Each defendant asks for his conviction to be overturned *only* because the trial judge failed to document explicitly the judge's conclusion that the defendant had waived a jury knowingly and voluntarily.

*The Decision in this Court*

The Court's decision today reverses the results of two bench trials for faulty documentation despite the absence of any objection by defense counsel that the trial court had inadequately documented its determination that the defendant acted knowingly and voluntarily.

Even if one believes that the judges in these two cases failed to comply strictly with the direction in Rule 4–246(b) to state a finding as to the defendant's state of mind on the record, that does not necessarily mean that the convictions should be reversed. It may be, as the Court states, that the Maryland Rules are a "precise rubric." Majority Op. at pp. 564–65, 566–67, 66 A.3d at 668–69, 669–70. But, as with many precision instruments, multiple parts work together to make a finely crafted whole. Another part of the "precise rubric" states:

> . . . . When a rule, by the word "shall" or otherwise, mandates or prohibits conduct, the consequences of noncompliance are those prescribed by these rules or statute. If no consequences are prescribed, the court may compel compliance with the rule or may determine the consequences of the noncompliance in light of the totality of the circumstances and the purpose of the rule.

Maryland Rule 1–201(a). The verb phrase "may not" in Rule 4–246(b) is the negative equivalent of "shall." [2] Accordingly, the consequences of a failure to comply with the rule—if such occurred—are to be determined by the principle stated in Rule 1–201(a)—with consideration of the totality of the circumstances and the purpose of the rule.[3] *See also Boulden v. State,* 414 Md. 284, 305, 995 A.2d 268 (2010).

---

**2.** *Cf.* Maryland Code, Article 1, § 26 (meaning of "may not").

**3.** The same principle applies with respect to guilty pleas in federal courts, where the court is required to inquire in somewhat greater

There can be little question here that the purpose of the rule—to ensure that each defendant's decision to elect a bench trial was made knowingly and purposefully—was fully served. The defendants do not appear to argue otherwise in this Court.

The majority opinion holds that we must overlook the failure of the defense counsel to raise any objection to the adequacy of the trial court's documentation of its finding as to the defendant's intent with respect to the waiver. The majority draws an analogy to our cases interpreting Rule 4–215, which concerns the inquiry that a trial court must undertake when a defendant seeks to discharge his attorney or to waive counsel altogether. Majority Op. at pp. 566–67, 66 A.3d at 669–70. However, the situation in a Rule 4–215 inquiry is quite different. For example, in the context of a request to discharge counsel under Rule 4–215(e), the inquiry concerns the defendant's displeasure with his counsel's services—the very situation in which a defendant is least bound to representations made by counsel on his behalf. By contrast, there is no inherent reason to discount defense counsel's objections—or decisions not to object—when the issue concerns a defendant's decision to have a bench trial. In the cases before us, no question as to the competence and effectiveness of defense counsel has been raised. No claim has been made that either defense counsel forced his client to waive a jury for some reason.

The requirement of Rule 4–246(b) that the trial judge state a finding on the record as to the defendant's state of mind as to the jury waiver provides useful documentation. It is always good to document compliance with a rule. It makes things much easier, as the majority opinion notes,[4] for those who, like us, must later assess compliance with the rule. But excessive

---

detail to determine whether the defendant is waiving the right to a jury trial, as well as other constitutional rights, knowingly and voluntarily. *See* Federal Rule of Criminal Procedure 11(h) ("A variance from the requirements of this rule is harmless error if it does not affect substantial rights").

4. Majority Op. at 565–66, 568, 66 A.3d at 669, 670–71.

emphasis on documentation at the expense of attention to the underlying purpose can lead to perverse results.[5] In this case, there are two concerns.

*What the Court's opinion tells trial judges*

It is true that neither judge stated precisely "I find that the defendant is waiving a jury trial knowingly and voluntarily" or whatever particular formulation we ultimately will hold suffices. But, in one case, the trial judge not only undertook the inquiry required by Rule 4–246, but personally intervened to ensure that the defendant understood the right that he was giving up. Nevertheless, our opinion faults that judge for not reciting more explicitly what the judge obviously found.

Perhaps this decision will make an appellate court's job simpler. We will just look for the magic words—whatever ultimately gains acceptance as the formulation that satisfies the last sentence of Rule 4–246(b)—but our real focus should be on the adequacy of the colloquy required by the rule.

My concern is that our decision in these cases will inevitably encourage trial judges to focus on reciting a rote formulation more than it will enhance the inquiry made by the trial judge into the defendant's knowledge and intention.

*What the Court's opinion tells defense counsel*

The Court holds that these defendants are each entitled to a new trial as a result of the trial court's failure to document its finding during the pre-trial inquiry. As noted above, neither of these defendants nor their respective counsel raised any objection at or before trial as to the adequacy of the waiver inquiry when the trial judge could have remedied the situation. As a result of the Court's decision, it seems unlikely that any competent defense counsel ever will and give up the

---

**5.** A common temptation of lawyers may be to focus on documentation at the expense of comprehension, which may serve lawyers well, but not the people they serve. In other contexts, excessive attention to documentation at the expense of understanding can lead to a person affixing his or her signature to attest, acknowledge, or agree without any comprehension as to what he or she is attesting, acknowledging or agreeing to.

option of an assured "do-over"—if the outcome of the bench trial is not to the defendant's satisfaction, the trial court's failure to document allows the defendant to obtain a do-over, even for an error-free trial.

*Conclusion*

For the reasons explained above, we should affirm the decisions of the Court of Special Appeals in these cases. If the Court has any doubt as to whether either of these judges actually found that the defendant's waiver was knowing and voluntary, the case should be remanded for the judge to supplement the record. On remand, the trial court could either (1) confirm that it had found the defendant's waiver to be knowing and voluntary at the time of the inquiry or (2) state that it is unable to provide such confirmation. Only in the latter case would the defendant be entitled to a new trial.

Judge ADKINS joins this opinion.