73 A.3d 1225

Robert Louis COSTEN, III

v.

STATE of Maryland.

No. 1471, Sept. Term, 2011.

Court of Special Appeals of Maryland.

Sept. 3, 2013.

Md.Code (1984, 2012 Repl.Vol.), §§ 11–110(b) & (c) (emphasis in original).

Sherrie B. Glasser (Paul B. DeWolfe, Public Defender, on the brief), Baltimore, MD, for Appellant.

James E. Williams (Douglas F. Gansler, Atty. Gen., on the brief), Baltimore, MD, for Appellee.

Panel: MEREDITH, WATTS, ARRIE W. DAVIS (Retired, Specially Assigned), JJ.

## ON MOTION FOR RECONSIDERATION

MEREDITH, J.

At the conclusion of a bench trial in the Circuit Court for Worcester County, Robert Louis Costen III, appellant, was convicted of one count each of third degree burglary, second degree assault, and fourth degree sex offense. The court imposed consecutive sentences of ten years' imprisonment for the conviction for third degree burglary, ten years' imprisonment for the conviction for second degree assault, and one year of imprisonment for the fourth degree sex offense conviction.[1]

On appeal, appellant raised two questions for our review which we rephrase as:

1. In concluding that appellant had waived his right to a trial by a jury, did the trial court err by failing to comply with the provision of Maryland Rule 4–246(b) that requires

---

1. Appellant was tried pursuant to an eight count indictment. In addition to the convictions noted above, he was also convicted of fourth degree burglary, which, for sentencing purposes, merged into his conviction for third degree burglary. He was acquitted of the remaining charges.

the court to "determine[ ] and announce[ ] on the record that the waiver is made knowingly and voluntarily"?

2. Was the evidence adduced at trial insufficient to sustain appellant's convictions?

Upon review of the first issue, we conclude that the trial court's determination and announcement of waiver of the appellant's right to a trial by jury did not satisfy the requirements of Rule 4–246(b), and reversal is required by the holding of the Court of Appeals in *Valonis v. State*, 431 Md. 551, 66 A.3d 661 (2013). Accordingly, because there is no merit to the challenge to the sufficiency of the evidence, we will vacate the judgments of conviction and remand for a new trial.

## PROCEEDINGS IN THE CIRCUIT COURT

On June 8, 2010, prior to the start of trial, the following exchange took place in open court regarding appellant's decision whether to proceed by way of a jury trial or bench trial:

[THE COURT]: How are we proceeding, with a jury trial this morning?

[APPELLANT]: Yes.

[APPELLANT'S COUNSEL]: Mr. Costen, you sure you want a jury trial? Remember what I told you.

[APPELLANT]: Okay.

[APPELLANT'S COUNSEL]: Are you sure?

[APPELLANT]: Yes.

[APPELLANT'S COUNSEL]: The judge is going to ask you some questions about whether or not you want a jury trial. I want you to listen to each question that [the judge] asks you and answer him distinctly so the court reporter can hear your responses.

[THE COURT]: All right. Mr. Costen, do you understand what you are charged with?

[APPELLANT]: Yes.

[THE COURT]: Burglary in the first degree, burglary, burglary in the—do you know these penalties off the top of your head?

[STATE'S ATTORNEY]: No, but I can get—

[THE COURT]: All right. Burglary in the first degree is 20.

[STATE'S ATTORNEY]: 20 years.

[THE COURT]: You're also charged with burglary in the third degree. Is that 10?

[STATE'S ATTORNEY]: 10.

[THE COURT]: Burglary in the fourth degree is three.

[STATE'S ATTORNEY]: Yes.

[THE COURT]: Assault in the second degree is ten-year maximum penalty. Attempted first degree rape is a potential life sentence. Attempted second-degree rape is 20. Sex offense in the third degree I believe is a 10–year penalty. And fourth degree sex offense is a maximum penalty of one year. It's alleged that these events occurred on or about October 3rd, 2010, in Snow Hill.

Do you understand what you are charged with?

[APPELLANT]: Yes.

[THE COURT]: Do you understand the penalties involved?

[APPELLANT]: Yes, sir.

[THE COURT]: And you have discussed the elements of these offenses with your attorney?

[APPELLANT]: Yes.

[THE COURT]: Do you understand because of the penalties you do have a right to a jury trial, which consists of 12 people selected from this panel that is presently in the courtroom, and those 12 people would all have to be convinced beyond a reasonable doubt in order for you to be found guilty. Do you understand that?

[APPELLANT]: Yes.

[THE COURT]: Knowing that[,] do you want a jury trial in this case?

[APPELLANT]: No, sir.

[THE COURT]: You're going to give up your right to a jury trial?

[APPELLANT]: Yes.

[THE COURT]: Has anybody forced you or coerced or promised you anything to get you to proceed in this fashion?

[APPELLANT]: No, sir.

[THE COURT]: All right. I find that he has waived his right to a jury trial.

Following the court's finding that appellant had waived a jury trial, the court proceeded with trying the merits of the case, and appellant was convicted of four offenses as noted above. This timely appeal followed.

## DISCUSSION

### I

Appellant contends that, although the trial judge did advise him about the charges against him, the corresponding penalties, and the basic nature of a jury trial, the court's declaration that "I find that he has waived his right to a jury trial" was not in compliance with the express requirements of Rule 4–246(b). That Rule provides that a trial court "may not accept" a waiver of the right to be tried by a jury unless there has been an examination of the defendant in open court after which "the court determines **and announces on the record that the waiver is made knowingly and voluntarily.**" (Emphasis added.) It is clear that the trial court in this case did not announce on the record that the waiver was made knowingly and voluntarily.

We perceive no material distinction between the facts surrounding the purported waiver in this instance and those which were described by the Court of Appeals in *Valonis* as being insufficient to support a valid waiver of trial by jury. In *Valonis,* the Court of Appeals reviewed two cases in which the respective defendants had expressed a desire to waive a trial by jury. In one of the cases, at the conclusion of the examination of the defendant regarding his jury waiver, defense

counsel stated: "It is my understanding you are waiving your right to a jury trial and have [His] Honor hear the case today?" After the defendant said "[y]es," the trial judge announced: "All right. We will note the waiver of the right to trial by jury." In the second case, the waiver examination concluded with the judge asking a final question: "Do you wish to have, to elect a bench trial?" After the defendant responded "[y]es, sir," the trial judge announced: "Okay. All right. You may have a seat. Ready to start?"

In holding that the trial judge in each of the above cases had failed to comply with the determination-and-announcement requirement of Rule 4–246(b), the Court of Appeals observed that that Rule "could not be clearer," *Valonis,* 431 Md. at 563, 66 A.3d 661 noting: "Subsection (b) requires the circuit court judge to make an express determination on the record that the defendant acted knowingly and voluntarily. In other words, the judge is required to announce his or her finding as to the knowing and voluntary waiver on the record." *Id.* at 563, 66 A.3d 661. As a consequence of each trial judge's failure to make an express determination and announcement in the two cases under review in *Valonis,* both cases were remanded for new trials.

The *Valonis* Court explained that, prior to the amendment of Rule 4–246(b)—pursuant to an order which was effective January 1, 2008—the announcement requirement which the rule now imposes upon trial judges had been less strict. In *Powell v. State,* 394 Md. 632, 907 A.2d 242 (2006), the Court had held "that the version of Rule 4–246(b) [then in effect] did not compel that the trial judge state explicitly on the record that he or she found the jury trial waiver to be knowing and voluntary." *Valonis,* 431 Md. at 562, 66 A.3d 661. In response to the *Powell* ruling, however, Rule 4–246(b) was amended. *Id.* at 562, 66 A.3d 661.

In *Valonis,* the Court reviewed the history of the amendment, stating, *id.* at 562, 66 A.3d 661:

> By adopting the recommendation of the Rules Committee to amend Rule 4–246(b), by Order of this Court dated

December 4, 2007, effective January 1, 2008, we deleted the words "it determines" and added to the Rule the phrase "the court determines and announces on the record" and further added Committee and Cross reference notes. By adding the phrase, "the court determines and announces on the record," the Court clearly directed circuit court judges to make an explicit determination of a defendant's knowing and voluntary waiver, or lack thereof, on the record.

\* \* \*

[I]n *Walker* [*v. State*, 406 Md. 369, 377 n. 1, 958 A.2d 915 (2008) ], we acknowledged that the changes we made to Rule 4–246(b) were substantive and confirmed that "[t]rial judges are now required to determine[ ] and announce[ ] on the record that the waiver is made knowingly and voluntarily."

The *Valonis* Court emphasized: "We amended Rule 4–246(b) to require the circuit court to announce its factual determination on the record." *Id.* at 565, 66 A.3d 661. The Court reiterated, *id.* at 568, 66 A.3d 661:

After the court determines that the waiver is knowing and voluntary, the court is required to announce that determination on the record. It is the responsibility of the trial judge to make a determination and to announce it on the record.

Furthermore, the *Valonis* Court rejected the State's arguments about appellate preservation of this specific variety of error, and held that the absence of any objection to the circuit court's lack of strict compliance with the announcement requirement of Rule 4–246(b) did "not preclude appellate review." *Id.* at 569, 66 A.3d 661.[2]

---

**2.** The dissenting opinion took issue with the majority's conclusion that the issue had been preserved for appeal, and stated:

Both of these defendants appealed their respective convictions on a single ground. To place the basis of their appeals in perspective, it is also worth noting what they do not argue.

Neither defendant contends that he did not knowingly and voluntarily ask for a bench trial in lieu of a jury trial. Neither defendant now contends that the substance of the inquiry as to his intention to waive a jury trial was inadequate. Neither contends that the trial judge did not, in fact, find his waiver to be knowing and voluntary. Neither defendant

The Court held that the issue of whether each defendant's jury trial waiver was valid was "preserved for appellate review notwithstanding the defendant's failure to object." *Id.* at 569, 66 A.3d 661. To the extent that this Court's opinion in *Ray v. State,* 206 Md.App. 309, 350, 47 A.3d 1113 *cert. granted,* 429 Md. 81, 54 A.3d 759 (2012), held otherwise, that portion of that opinion is disapproved.

The *Valonis* Court also added this specific variety of error to the very limited category of trial errors that are not subject to analysis for whether the mistake was a "harmless error," stating, 431 Md. at 569, 66 A.3d 661: "Moreover, the trial judge's failure to announce its determination on the record is not a mere technicality and is not subject to harmless error analysis." To the extent that this Court's opinions in *Ray, supra,* 206 Md.App. at 356, 47 A.3d 1113 and *Aguilera v. State,* 193 Md.App. 426, 437–38, 997 A.2d 888 (2010), held otherwise, those portions of the opinions are disapproved. The *Valonis* Court explained its rationale for conferring preferential status upon this error, 431 Md. at 570, 66 A.3d 661:

> [T]he waiver provisions in place in Rule 4–246(b) are intend-ed to ensure that the defendant's waiver [of] a jury trial is made knowingly and voluntarily. Strict compliance with the requirements of Rule 4–246(b) will ensure that there is an adequate examination of the defendant, such that the judge

---

argues that the ensuing trial was unfair. Neither defendant complains that his counsel was ineffective. Neither defendant complains of over-reaching by the police or prosecution.

Each defendant asks for his conviction to be overturned *only* because the trial judge failed to document explicitly the judge's conclusion that the defendant had waived a jury knowingly and voluntarily.

\*     \*     \*

The Court's decision today reverses the results of two bench trials for faulty documentation despite the absence of any objection by defense counsel that the trial court had inadequately documented its determina-tion that the defendant acted knowingly and voluntarily.

\*     \*     \*

The majority opinion holds that we must overlook the failure of the defense counsel to raise any objection to the adequacy of the trial court's documentation of its finding as to the defendant's intent with respect to the waiver.

431 Md. at 556–58, 66 A.3d 661 (footnote omitted).

may determine and announce on the record that the defendant's waiver was knowing and voluntary.

Consequently, in the present case, we conclude that, as the Court of Appeals stated in *Valonis, id.:* "the trial judge[ ] committed reversible error in failing to comply with the determine and announce requirement of Rule 4–246(b) and thereby failed to demonstrate a valid waiver of [the appellant's] right to a trial by jury."

**JUDGMENTS OF THE CIRCUIT COURT FOR WORCESTER COUNTY VACATED, AND CASE REMANDED FOR A NEW TRIAL. COSTS TO BE PAID BY WORCESTER COUNTY.**

Dissent by WATTS, J.

WATTS, J., dissenting.

I, respectfully, dissent. Appellant could easily have objected to the circuit court's alleged failure to comply with Maryland Rule 4–246(b), but failed to do so. I agree with the views expressed by the dissent, as to the lack of preservation of the issue, in *Valonis & Tyler v. State,* 431 Md. 551, 556–58, 66 A.3d 661 (2013) (McDonald, J., dissenting).