WATTS, J.,
concurring and dissenting.
Respectfully, I concur and dissent.[1] I would hold that any issue as to the circuit courts’ announcements of Petitioners’ waivers of the right to a jury trial pursuant to Maryland Rule 4-246(b) is not preserved for appellate review due to the lack of a contemporaneous objection; I would not exercise the discretion to review the issue.
Following Valonis v. State, 431 Md. 551, 66 A.3d 661 (2013), questions arose as to whether this Court had eliminated the requirement of a contemporaneous objection to preserve for appellate review the issue of the waiver of the right to a jury trial, or whether an objection was indeed required but this Court had nonetheless exercised its discretion pursuant to Rule 8-131(a) to address the issue. In a salutary development, with the instant opinion, the Court eliminates any doubt and conclusively determines that a contemporaneous objection is required to preserve for appellate review the waiver of the right to a jury trial pursuant to Rule 4 — 246(b); ie., Valonis *700 does not excuse non-preservation. The Court now unambiguously states that, in Valonis, the Court exercised its discretion pursuant to Rule 8-131(a) to address the issue.[2]
In light of the plain language of Valonis, in addition to agreeing that a contemporaneous objection is required for preservation, and as the Court now explains — that in Valonis *701 this Court exercised its discretion under Rule 8-131(a) to reach the issue of the trial court’s announcement — I would not extend that discretion to these and future cases to the detriment of the requirement that defense counsel lodge objections and preserve for appellate review easily identifiable issues such as this. In other words, I would not extend that discretion to cases in which the challenge merely involves the efficacy of the court’s announcement where the record demonstrates that the colloquy was adequate and the waiver was made knowingly and voluntarily.
In the present cases, I would hold that Melvin and Nalls failed to preserve any issue as to the circuit courts’ announcements of their waivers of the right to a jury trial by failing to contemporaneously object after the circuit courts announced that they were “satisfied” that Melvin “knowingly, intelligently waived [his] right for a jury trial[,]” and “satisfied” that Nalls “waived [his] right to have a jury trial and [he was] going to have a court trial”; and I would proceed no further. Notably, in Melvin and Nalls, Petitioners do not contend that they did not knowingly and voluntarily waive their right to a jury trial; nor do they contend that the record fails to demonstrate that the waiver was made knowingly and voluntarily. Stated otherwise, Petitioners fail to raise a substantive challenge before this Court regarding their waivers of the right to a jury trial. Instead, the issues that Petitioners raise concern only whether the circuit court’s announcement accepting the waiver complied with the format dictated by Rule 4-246(b). It is undisputed that Petitioners failed to object to the circuit courts’ allegedly faulty announcements and do not substantively challenge the waivers.
Although I would find the issue unpreserved, insofar as compliance is concerned, Rule 4 — 246(b) logically requires a determination on the record that a defendant’s waiver was knowing and voluntary and an announcement by the trial court of its decision in a manner that demonstrates the trial court found the waiver to be knowingly and voluntarily made. I would conclude, however, that Rule 4 — 246(b) does not require a word-for-word recitation by the trial court of certain *702 words or any particular synonyms where the record clearly demonstrates that the proper inquiry of the defendant concerning knowledge and voluntariness was conducted and that the trial court made a proper determination and an announcement of its decision. To conclude otherwise renders meaningless the waiver colloquy and places form over substance. From my vantage point, the purpose of Rule 4 — 246(b) is to require that the waiver, indeed, be knowingly and voluntarily given and not just appear so.[3] It is the waiver colloquy and *703 whether or not the trial court’s decision is accurate that are critical, not the recitation of certain words and their synonyms. This recognition ensures that jury trial waivers will indeed be determined to be knowingly and voluntarily given.
Thus, for all of the reasons stated above, I, respectfully, concur and dissent.

. I concur with the conclusion that the evidence was insufficient to support Nails’s conviction for third-degree sexual offense.

. The plain language of Valonis mandated such a determination. In Valonis, 431 Md. at 569, 66 A.3d at 671, we narrowly "conclude[d] in the two cases before the court that the issue of waiver [was] preserved for appellate review notwithstanding the defendant’s failure to object.” (Emphasis added). In reaching that conclusion, we specifically stated:
Rule 4 — 246(b) is a rule of procedure governing the waiver of a fundamental constitutional right. Its provisions specifying that the defendant be examined on the record regarding his or her waiver of the right to a jury trial, and that the trial court make a determination and announcement with regard to whether the waiver was knowingly and voluntarily made are subject to strict compliance. Because the onus is on the trial court to announce its determination, it would be, as indicated by the Court of Special Appeals in the Valonis case, “perverse to penalize [the defendant] for failing to alert the court to [an] error in a procedure whose whole purpose was [and is] for the court to ensure that [the defendant] understood what was going on.” As Judge Bell, now Chief Judge of this Court, writing for the Court of Special Appeals noted in Bell v. State, 66 Md.App. 294, 298, 503 A.2d 1351, 1353-54 (1986) (citations omitted) in his review of Maryland case law, the record should affirmatively show compliance with the Rule’s tenets, and "failure to object does not preclude appellate review.” The waiver of the constitutional right to a trial by jury must "appear affirmatively in the record, and a failure of it to so appear is not grounds for dismissal of the appeal ... [i]ndeed, it is the very basis of the appeal.” Id. (citations and quotations omitted). Moreover, because of the importance of this Rule in this case it is desirable that we opine on the matter "to guide the trial court or to avoid the expense and delay of another appeal.” Md. Rule 8-131(a).
Accordingly, we conclude in the two cases before the court that the issue of waiver is preserved for appellate review notwithstanding the defendant’s failure to object.
(Emphasis added) (alterations and omission in original).
In Valonis, 431 Md. at 569, 66 A.3d at 671, we expressly limited the preservation finding to “the two cases before the court” after giving reasons for issuing the ruling as to the two cases. Indeed, in Valonis, one of the reasons given for exercising the discretion to address what would otherwise have been an unpreserved issue, due to a lack of objection, was to provide guidance to the trial courts and avoid the expense and delay of another appeal. See Valonis, 431 Md. at 569, 66 A.3d at 671 (”[B]ecause of the importance of this Rule in this case it is desirable that we opine on the matter 'to guide the trial court or to avoid the expense and delay of another appeal.’ Md. Rule 8-131(a).”).

. Melvin is a perfect example of where focusing strictly on the terms of the announcement rather than the substance of the waiver colloquy would amount to elevating form over substance. In Melvin, it is undeniable that the colloquy was more than sufficient to demonstrate that Petitioner’s waiver of the right to a jury trial was knowing and voluntaiy. The record reflects that, prior to trial, upon hearing that Petitioner desired to waive his right to a jury trial, the circuit court advised Petitioner of the right to a jury trial, described the jury trial process, and asked whether Petitioner intended to waive his right to a jury trial and proceed with a bench trial, and Petitioner replied: "Yes, Your Honor.” Specifically, the circuit court advised and questioned:
And you have a right to a trial by jury and if you choose a jury trial, you and your lawyer and the State would pick twelve people from the voters rolls, and the driver’s rolls of Caroline County. They’d represent a cross section of the community in each of the twelve. They would have to be satisfied beyond a reasonable doubt that you were guilty in order to find you guilty. All twelve would have to agree that you were not guilty in order to find you not guilty. If they cannot agree that would be a hung jury and the State could try you over until you were found not guilty or guilty. If you waive your right to a jury trial, you will be tried before a Judge, and the Judge would have to be satisfied ... beyond a reasonable doubt you were guilty in order to find you guilty. Is it your intention to waive your right to a jury trial today and proceed with a court trial when you come to court?
Moreover, the circuit court specifically inquired into the voluntariness of the waiver, asking: "And has anybody made any threats or promises to make you do that?” Petitioner responded "No.” The circuit court next asked: "You realize by waiving your right to a jury trial now you can't come back on the trial date and say you want a jury trial, do you understand?” Petitioner responded affirmatively. Immediately thereafter, the circuit court announced: "Alright, I’m satisfied that you knowingly, intelligently waived your right for a jury trial.”
From this record, it is readily apparent that the circuit court’s announcement that the waiver was "knowingly[ and] intelligently waived” — as opposed to knowingly and voluntarily waived — was the equivalent of, and, indeed, intended to be, the required finding; i.e., the circuit court’s pronouncement was no more than a slip of the tongue. To hold that the circuit court’s determination and announcement did *703 not comply with Maryland Rule 4-246(b) would be to ignore the substance of the circuit court's extensive waiver colloquy, which demonstrated that the waiver was knowingly and voluntarily made.
Similarly, prior to the circuit court announcing that it was satisfied, the record in Nalls reflects that defense counsel thoroughly explained the right to a jury trial and the jury trial process to Petitioner in a colloquy before the circuit court, and that Petitioner responded affirmatively that he understood the jury trial right and chose to waive it. Specifically, in response to defense counsel’s question as to whether he was "doing this freely, voluntarily, and you and I have discussed it at great length,” Nalls said, "Yes.”