*James Szwed v. State*, No. 61, September Term 2013, Opinion by Greene, J.

**CRIMINAL LAW – WAIVER OF RIGHT TO JURY TRIAL – COMPLIANCE WITH MARYLAND RULE 4-246**

Pursuant to Maryland Rule 4-246(b)'s determination and announcement requirement, following a jury trial waiver colloquy, a trial judge must explicitly state on the record his or her finding that a criminal defendant's waiver was made both knowingly and voluntarily. Although a fixed litany is not required, both concepts must be addressed in the trial judge's announcement, either by using that precise language or using synonyms that represent the same concepts.

Circuit Court for Prince George's County
Criminal Case No. CT110375X
Argued: February 6, 2014

IN THE COURT OF APPEALS
OF MARYLAND

No. 61

September Term, 2013

JAMES SZWED

v.

STATE OF MARYLAND

Barbera, C.J.
Harrell
Battaglia
Greene
Adkins
McDonald
Raker, Irma S. (Retired, Specially
    Assigned),

JJ.

Opinion by Greene, J.
Battaglia, J., concurs.
Adkins, McDonald and Raker, JJ., dissent.

Filed: April 23, 2014

This case involves issues of law similar to our recently consolidated cases in *Nalls v. State* and *Melvin v. State*, __ Md. __, __ A.2d __ (2014). For the reasons explained in the majority opinion in *Nalls & Melvin*, and as summarized here, the judgment of the Court of Special Appeals shall be reversed. In this opinion, as we did in *Nalls & Melvin*, we address a challenge that has arisen since our decision in *Valonis & Tyler v. State*, 431 Md. 551, 66 A.3d 661 (2013). We reaffirm our holding in *Valonis* that a trial judge must comply fully with Md. Rule 4-246(b), and that failure to comply is reversible error. We further address what constitutes a trial judge's valid determination and announcement on the record under Rule 4-246(b), whether a defendant's failure to object precludes appellate review, and the appropriate sanction when a trial judge fails to comply with the waiver requirements.

## I. FACTS

The charges against Petitioner James Szwed ("Szwed") stemmed from a burglary of a house in Accokeek, Maryland. Szwed was indicted in the Circuit Court for Prince George's County, and charged with first, third, and fourth degree burglary, theft over $1000, and malicious destruction of property. At the conclusion of a bench trial, the court found Szwed guilty of all three burglary counts, theft under $1000, and malicious destruction of property having a value of less than $500. Szwed was sentenced to a term of incarceration of 15 years. Prior to the commencement of the bench trial, the following exchange occurred:

> [Defense Counsel]: Mr. Szwed and I have discussed the possibility of a court trial. That is a non-jury trial. Have we not, Mr. Szwed?
>
> [Szwed]: Yes.
>
> [Defense Counsel]: What do you want to do? Do you want the judge to decide

your case or a jury?

[Szwed]: The judge.

[The trial judge inquires about Szwed's age, education, and health.]

[Trial Judge]: Your attorney has indicated that you want to elect to be tried by the [c]ourt as opposed to a jury; is that correct?

[Szwed]: Yes, ma'am.

[Trial Judge]: If you elected a jury trial, a jury would consist of 12 people from the community whom you would help choose. Their verdict would have to be unanimous. In other words, all 12 jurors would have to believe you were guilty beyond a reasonable doubt or you couldn't be convicted. If even one felt that you were not guilty or that the State did not prove you were guilty, you could not be convicted. It would be a hung jury, a mistrial would be declared, and you would not be convicted of that offense. You could be retried, but you would not be convicted. A judge has to be convinced beyond a reasonable doubt, as well, but the difference is it's one person versus twelve jurors. Do you understand the difference between a court and a jury trial?

[Szwed]: Yes, ma'am.

[Trial Judge]: What is your election?

[Szwed]: For a judge trial.

[Trial Judge]: I'm going to find he made – has anyone threatened you or promised you anything in order to get you to make that election?

[Szwed]: No.

[Trial Judge]: All right. **I'm going to find that he made a free and voluntary election of a court trial versus a jury trial.** (Emphasis added.)

Following Szwed's conviction, he noted an appeal the same day challenging the trial judge's acceptance of the defendant's jury trial waiver. The Court of Special Appeals

2

affirmed the judgment in an unreported opinion prior to the publication of this Court's opinion in *Valonis*, 431 Md. 551, 66 A.3d 661. The intermediate appellate court held that because defense counsel failed to object at the time of the defendant's jury trial waiver, the issue was not preserved for review. Nonetheless, the Court of Special Appeals stated that had the issue been preserved, the court would have held that the trial judge sufficiently satisfied the announcement requirement under Md. Rule 4-246(b). We then granted certiorari, *Szwed v. State*, 432 Md. 467, 69 A.3d 474 (2013).

In his petition for certiorari, Szwed asks:

Did the trial court err in accepting Szwed's purported waiver of jury trial and in proceeding with a bench trial without fully complying with Maryland Rule 4-246?

## II. DISCUSSION

### A. Preservation

Petitioner argues that this Court can reach the merits of this case because, he contends, *Valonis* created an exception to the general contemporaneous objection requirement to preserve an issue for appeal. On the other hand, the State argues that we relied solely on our discretionary review power pursuant to Rule 8-131(a) to reach the merits in *Valonis*, and therefore Petitioner's claims in this case are not preserved for review in this Court. As we clarified in *Nalls & Melvin*, in *Valonis* we elected to exercise our discretion to review the merits due to our perception of a recurring problem–namely, the failure of trial judges to follow Rule 4-246(b)–and to further encourage trial judges to adhere to the letter of the Rule.

3

For the same reasons stated in *Nalls & Melvin*, we reach the merits in the instant appeal, notwithstanding the lack of a contemporaneous objection at trial.

**B.  Compliance with Md. Rule 4-246(b)**

In *Valonis*, we held that a trial judge must comply with Md. Rule 4-246(b), and that failure to comply is reversible error.  The Rule requires an in-court inquiry into the criminal defendant's waiver of his or her right to a jury trial.  Although the inquiry may be conducted by the prosecutor, defense counsel, the court, or any combination of the three, the Rule also requires that the trial judge engage in the process and announce on the record a finding as to whether the defendant's waiver was made knowingly and voluntarily.  In this Court's opinion in *Nalls & Melvin*, we emphasized that a trial judge's determination and announcement on the record must explicitly state the trial judge's findings that the criminal defendant's waiver of his right to a jury trial was made *both* knowingly *and* voluntarily.  Although the trial judge need not recite any "magic words," the Rule requires the trial judge to address both concepts in making an explicit announcement on the record.  Synonyms for or words other than "knowingly" and "voluntarily" that capture the concepts of the words used in the Rule can achieve compliance, so long as both concepts are represented.

In the instant case, the trial judge stated that: "I'm going to find that he made a free and voluntary election of a court trial versus a jury trial."  "Free" and "voluntary" have the same meaning for purposes of compliance with this Rule.  Nowhere did the trial judge acknowledge that Szwed's waiver was made "knowingly," and therefore, the trial court did

4

not comply fully with Rule 4-246(b).  As we held in *Nalls & Melvin*, addressing one half of the required announcement neither suffices as a valid announcement that the criminal defendant's jury trial waiver was both knowing and voluntary, nor confirms for the appellate courts that the trial judge was fully engaged in the process.  We therefore conclude that the trial judge's announcement that Szwed "made a free and voluntary election of a court trial" did not comply with Rule 4-246(b).

### C. Sanction

As we held in *Valonis* and reaffirmed in *Nalls & Melvin*, the only appropriate sanction for noncompliance with Rule 4-246 is a reversal.  *Valonis*, 431 Md. at 570, 66 A.3d at 672; *Nalls & Melvin*, __ Md. at __, __ A.3d at __.  Given the significance of the constitutional right protected by the Rule, a violation of the Rule is not a mere technicality.  Failure to comply with Rule 4-246(b) constitutes reversible error and is not subject to harmless error analysis.  *Valonis*, 431 Md. at 569, 66 A.3d at 671 ("[T]he trial judge's failure to announce its determination on the record is not a mere technicality and is not subject to harmless error analysis.").  In addition, a limited remand would be impractical because the trial judge would be required to review a waiver colloquy that took place several months, if not years, prior, which would undermine the purpose of the Rule.  As we repeated in *Nalls & Melvin*, "the underlying purpose of Rule 4-246(b) is to ensure, both for the trial judge and for the appellate courts, that the defendant makes a knowing and voluntary waiver, *at the time the waiver is made*." __ Md. at __, __ A.3d at __ (emphasis in original).  Accordingly, we reject the State's

5

argument that the trial court's failure to comply with Rule 4-246 constitutes harmless error.

The appropriate sanction in this case is reversal and remand for a new trial.

**JUDGMENT OF THE COURT OF SPECIAL APPEALS REVERSED. CASE REMANDED TO THAT COURT WITH DIRECTIONS TO REMAND TO THE CIRCUIT COURT FOR A NEW TRIAL WITH COSTS.**

Circuit Court for Prince George's County,
Case No. CT110375X
Argued: February 6, 2014

IN THE COURT OF APPEALS OF

MARYLAND

No. 61

September Term, 2013

JAMES SZWED

v.

STATE OF MARYLAND

Barbera, C.J.
Harrell
Battaglia
Greene
Adkins
McDonald
Raker, Irma S. (Retired,
Specially Assigned),

JJ.

Concurring Opinion by Battaglia, J.

Filed: April 23, 2014

I concur for the reasons set forth in *Nalls v. State* and *Melvin v. State*, __ Md. __, __ A.2d __ (2014).

Circuit Court for Prince George's County
Case No. CT110375X
Argued: February 6, 2014

IN THE COURT OF APPEALS
OF MARYLAND

No. 61

September Term, 2013

---

JAMES SZWED

v.

STATE OF MARYLAND

---

Barbera, C.J.
Harrell
Battaglia
Greene
Adkins
McDonald
Raker, Irma S. (Retired, Specially
      Assigned),

JJ.

---

Dissenting Opinion by McDonald, J., which
Adkins and Raker, JJ., join.

---

Filed: April 23, 2014

In this case, the Court reverses Mr. Szwed's convictions because the trial judge, at the conclusion of a lengthy pre-trial colloquy with him concerning his knowledge of his right to a jury trial and his desire for a bench trial, stated, in what was no doubt a slip of the tongue, that she found his decision to be "free and voluntary" instead of "knowing and voluntary." The Court bases that decision largely on the precedent of *Valonis v. State*, 431 Md. 551, 66 A.3d 661 (2013).

I dissent, for the same reasons set forth in my dissent in *Valonis*, 431 Md. at 570 -76.[1] There is no need to repeat all of the points made in that opinion.

It bears mention, however, what is *not* at stake in this appeal – and in the related appeals in *Nalls*, *Melvin*, and *Morgan*.[2]  There is no dispute that each of these defendants desired to have a bench trial rather than a jury trial.  There is no dispute that each of these defendants made that decision voluntarily and with knowledge of its consequences.  There is no complaint about the adequacy of the colloquies that the various trial judges conducted to confirm each defendant's knowing and voluntary waiver.

Unless we presume that the trial judges were not aware of the requirement that the waiver be knowing and voluntary – *i.e.,* that the judges did not know why they were engaging

---

[1] In *Valonis*, in a sharp break from precedent (*see, e.g., Boulden v. State,* 414 Md. 284, 295-96, 995 A.2d 268 (2010); *Abeokuto v. State*, 391 Md. 289, 322-24, 893 A.2d 1018 (2006)) and from the rules of construction set forth in Maryland Rule 1-201, the Court indicated that it would no longer consider the "totality of the circumstances" in determining the consequences of a failure to comply with a provision of a rule that does not itself state the consequences of non-compliance.

[2] *Nalls & Melvin v. State*, ___ Md. ___, ___ A.3d ___ (2014); *Morgan v. State*, ___ Md. ___, ___ A.3d ___ (2014).

in the colloquy with the defendants to confirm that fact – it is evident that each of the judges determined that the waivers were knowing and voluntary because, however each articulated that determination, each judge proceeded to conduct a bench trial without a jury.  The only issue in these cases concerns the trial judge's verbal documentation of the judge's determination.  In this case, the issue is whether the judge's failure to include the word "knowing" in her finding at the end of the colloquy negates her considerable effort, on the record, to ensure that Mr. Szwed knew the consequences of his waiver and his affirmation, on the record, that he did.[3]

In the course of reversing Mr. Szwed's conviction, as well as those of Mr. Nalls and Mr. Melvin, the Court modifies the *Valonis* holding to declare that, henceforth, a defendant must register a contemporaneous objection in the trial court to preserve any complaint concerning the  trial court's finding.[4]  While I applaud the Court's decision, it does render

---

[3] It is notable that the oral colloquy and finding required by Maryland Rule 4-246(b), while useful to ensure that a defendant's waiver of a jury trial is in fact knowing and voluntary, is not itself constitutionally required; it is simply in aid of the constitutional requirement that, to be effective, a waiver of a constitutional right must be knowing and voluntary.  *Compare* Federal Rule of Criminal Procedure 23(a) (waiver of trial by jury to be in writing by defendant with consent of prosecution and approval of trial court); *Adams v. United States ex rel. McCann*, 317 U.S. 269 (1942).

[4] As outlined in my dissent in *Valonis*, I believed, as did at least some members of the Majority in that case and as the text of the decision certainly indicates, that the Court was dispensing with the contemporary objection requirement for alleged violations of Rule 4-246(b).  *See Valonis*, 431 Md. at 568-69 (explaining at some length why the Majority believed that it would be "perverse" to penalize a defendant for not objecting); *State v. Szwed*, ___ Md. at ___ (Battaglia, J., concurring).  Whether the Court's decision in these cases is simply an interpretation of *Valonis*, or a retrenchment from it, it is more consistent with the usual requirement that issues be preserved.

2

*Valonis* a brief interlude in which the Court dropped the contemporaneous objection rule and then reinstated it, with the beneficiaries being certain random defendants, some of whom were convicted of very serious offenses, who happened to note an appeal during that period. I agree with Judge Watts, in her concurring and dissenting opinion in the companion cases of *Nalls & Melvin v. State*, that the Court need not reverse those convictions. ___ Md. ___, ___ A.3d ___ (2014).

Presumably, under this new approach, the proliferation of *Valonis* appeals in this Court and in the Court of Special Appeals will abate. If a defendant must make a contemporaneous objection to an imperfect finding by the trial court to preserve the issue and does so, the trial court will inevitably correct any slip of the tongue and the desire for perfect documentation of the waiver will be satisfied.

Of course, even if the judge documents a waiver in whatever language we find acceptable, that is not necessarily the end of the story. For the same reason that a slip of the tongue in documenting a waiver should not result in reversal of a conviction, neither should a perfect rendition of the magic words render the substance of the colloquy immune from challenge. *See Winters v. State,* 434 Md. 527, 76 A.3d 986 (2013) (even though trial judge found that defendant "knowingly and voluntarily" waived jury trial, erroneous explanation by judge of burden of proof undermined that finding).

Finally, it is worth noting that the colloquy in this case covered the points suggested in the committee note to Rule 4-246, even though they are not required by the rule itself, to

ensure that the waiver was Mr. Szwed's own decision and that he was aware of the consequences of his decision. *Compare* Transcript (September 26, 2011) at pp. 3-5 *with* Maryland Rule 4-246, *committee note*. Substitute the word "knowing" for "free" at the end and we would have to score this colloquy a perfect "10." We can only hope to do as well ourselves.[5]

Judge Adkins and Judge Raker advise that they join this opinion.

---

[5] An appellate court can also sometimes have a slip of the tongue in this area. *See Robinson v. State*, 410 Md. 91, 107-8 & n. 5, 976 A.2d 1072 (2009) (stating that the right to a jury trial – and other constitutional rights – "can only be foregone by the defendant's affirmative 'intelligent and knowing' waiver," without mentioning that the waiver must be voluntary).